# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### June 2, 2004 Session

## ANTHONY JEROME STOKES  v.  STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Hamilton County**
**No. 211-043      Hon. Douglas A. Meyer, Judge**

---

**No. E2002-02597-SC-R11-PC - Filed September 23, 2004**

---

After pleading guilty to two counts of murder, petitioner filed a petition for post-conviction relief attacking his sentences.  Relief was denied by both the trial court and by the Court of Criminal Appeals.  Thereafter, counsel for the petitioner neither withdrew nor filed an application for permission to appeal in this Court.  Petitioner filed multiple other pleadings, including a second petition for post-conviction relief seeking a delayed appeal to this Court from the judgment of the Court of Criminal Appeals dismissing his first petition for post-conviction relief.  The Court of Criminal Appeals granted an evidentiary hearing on the second petition for post-conviction relief, at which the trial court held that the petitioner had been denied due process by the actions of his counsel in failing to either withdraw or file an application for permission to appeal after the Court of Criminal Appeals' decision of the first petition.  The Court of Criminal Appeals agreed.  We reverse the decision of the Court of Criminal Appeals, holding that because there is no right to effective assistance of counsel in post-conviction proceedings, and because the petitioner was afforded a full evidentiary hearing and full review in his first-tier post-conviction appeal, there was no due process violation.

**Tenn. R. App. P. 11 Permission to Appeal;**
**Judgment of the Court of Criminal Appeals is Reversed**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, Jr., and JANICE M. HOLDER, JJ., joined.

Julie A. Hall, Columbus, Ohio, for the appellant, Anthony Jerome Stokes.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and Angele M. Gregory, Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## BACKGROUND

On June 15, 1995, the petitioner, Anthony Stokes, pleaded guilty to one count of first degree murder and one count of second degree murder. The trial court imposed a sentence of thirty-five years for the second degree murder and a life sentence for the first degree murder. There was no direct appeal of the convictions or sentences.

Stokes filed a petition for post-conviction relief, contending that his guilty pleas were not entered knowingly or voluntarily, that his initial arrest was unlawful, and that certain evidence should have been suppressed. The trial court denied relief, and the Court of Criminal Appeals affirmed. Following the opinion of the Court of Criminal Appeals, counsel for the petitioner neither withdrew nor filed an application for permission to appeal in this Court.

On July 29, 1999, three months after the Court of Criminal Appeals had affirmed the dismissal of his post-conviction petition, Stokes filed a pro se motion asking that he be allowed to proceed pro se or that he be appointed new counsel, and he also requested that a copy of the opinion of the Court of Criminal Appeals be sent to him upon filing. The Court of Criminal Appeals denied his motion on August 3, 1999, reasoning that because the mandate had been issued on June 30, 1999, the court was without jurisdiction to grant the relief requested. Stokes then filed a motion on September 1, 1999, asking the Court of Criminal Appeals to withdraw its opinion and judgment of April 23, 1999, and then to re-file them so as to establish a new period within which he could apply for permission to appeal to the Supreme Court. This motion was denied on September 7, 1999.

After several other motions were filed and denied, Stokes filed, on June 22, 2000, a petition for delayed appeal in the Criminal Court for Hamilton County. In that petition, he alleged that he had not received a copy of the opinion of the Court of Criminal Appeals affirming the dismissal of his first petition for post-conviction relief and that he had not been advised by his counsel of the decision. By order entered on July 10, 2000, the trial court dismissed the petition for delayed appeal, holding that it was his second post-conviction petition and the court did not have the authority to vacate and then reinstate an opinion of the Court of Criminal Appeals so as to start anew the period within which the petitioner could made an application for permission to appeal to this Court. Stokes appealed that dismissal to the Court of Criminal Appeals. In an opinion of October 15, 2001, the Court of Criminal Appeals remanded the case to the Criminal Court for Hamilton County for:

> an evidentiary hearing to determine when and how the petitioner learned that no application for permission to appeal had been made as to this Court's 1999 judgment affirming the dismissal of his first post-conviction petition; why counsel did not either withdraw or file an application for permission to appeal that judgment; and whether due process requires that the petitioner be given an opportunity to file an application for permission to appeal that judgment.

Stokes' evidentiary hearing was held on September 16, 2002. At the hearing, Stokes' attorney testified that she was appointed to represent Stokes in his post-conviction appeal in 1999 and acknowledged that following the decision of the Court of Criminal Appeals she did not file an application for permission to appeal and did not withdraw as counsel. She explained that the petitioner had made it clear that he wanted another attorney to replace her and that she assumed that he was receiving copies of all documents.

The trial court concluded that Stokes had been denied due process by the loss of any opportunity to obtain second-tier review of the denial of his petition for post-conviction relief caused by the actions of initial post-conviction counsel. The trial court then ordered the case transferred to the Court of Criminal Appeals. The majority of the Court of Criminal Appeals concluded that Stokes was denied due process by his post-conviction counsel's failure to either properly withdraw as counsel or timely file an application for permission to appeal. Judge Woodall filed a dissenting opinion, concluding that because Stokes did not have a constitutional right to effective assistance of counsel during post-conviction proceedings and because he was afforded a full evidentiary hearing and full review in his first-tier post-conviction appeal, there was no due process violation.

## ANALYSIS

When Stokes filed a post-conviction petition attacking his convictions of first degree murder and second degree murder, he was afforded an evidentiary hearing by the trial court and first-tier appellate review by the Court of Criminal Appeals. It is undisputed, however, that he was denied the opportunity, through no fault of his own, to seek a discretionary appeal to this Court from the Court of Criminal Appeals' affirmance of the denial of his request for post-conviction relief. The majority of the Court of Criminal Appeals held that the petitioner had been denied due process by post-conviction counsel's failure to either withdraw under Supreme Court Rule 14 or to file a timely Rule 11 application for permission to appeal.

The sole issue is whether the Court of Criminal Appeals erred in granting Stokes a delayed appeal to this Court on his petition for post-conviction relief after Stokes had been denied the opportunity to file a timely application for permission to appeal as a result of a misrepresentation made by his post-conviction counsel. We hold that the court's decision was in error.

*Delayed Appeal Under the Post-Conviction Procedure Act*

The Post-Conviction Procedure Act provides for a delayed appeal where the petitioner has been "denied the right to an appeal from the original conviction." Tenn. Code Ann. § 40-30-113(a) (2003). In State v. Evans, 108 S.W.3d 231, 235-36 (Tenn. 2003), we recognized that the substantive right to a delayed appeal was established by the Post-Conviction Procedure Act, see Tenn. Code Ann. section 40-30-113(a), and that the procedure for implementing that right was set forth in Supreme Court Rule 28, § 9(D). Supreme Court Rule 28, § 9(D) allows either a trial court or the Court of Criminal Appeals to grant a delayed appeal as post-conviction relief where the petitioner, through no fault of his own, was denied second-tier review following his direct appeal.

All the cases in this State that address the grant of a delayed appeal due to ineffective assistance of counsel have involved the actions of counsel on *direct appeal*. See, e.g., Wallace v. State, 121 S.W.3d 652 (Tenn. 2003) (holding that delayed appeal was appropriate post-conviction relief where defendant's counsel failed to file a motion for new trial, resulting in waiver of all issues on appeal other than sufficiency of evidence); Evans, 108 S.W.3d 231 (delayed appeal appropriate where ineffective assistance of counsel unilaterally denied the defendant from seeking second-tier review on direct appeal); State v. Cameron, 909 S.W.2d 836 (Tenn. Crim. App. 1995) (defendant was entitled to delayed appeal following counsel's failure to file a motion for new trial); Proctor v. State, 868 S.W.2d 669 (Tenn. Crim. App. 1992) (defendant was entitled to have delayed appeal for purposes of permitting application for permission to appeal to Supreme Court, in light of trial counsel's unilateral termination of direct appeal process following first-tier review).

The issue of whether the right to a delayed appeal extends to second-tier review of the denial of post-conviction relief has yet to be addressed by this Court. Nothing in the Post-Conviction Procedure Act, Supreme Court Rule 28, or any case law provides for such relief, and we decline to extend the right to a delayed appeal to such situations.

*Due Process and Ineffective Assistance of Counsel*

The Court of Criminal Appeals found that the petitioner was denied due process by counsel's ineffective assistance on the first petition for post-conviction relief. We disagree.

The United States Supreme Court has held that the scope of the Due Process Clause does not extend to post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987). We have likewise held that "the opportunity to collaterally attack constitutional violations occurring during the conviction process is not a fundamental right entitled to heightened due process protection." Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992). While the Due Process Clause does not require the appointment of counsel in post-conviction proceedings, a state may choose "to offer help to those seeking relief from convictions." Finley, 481 U.S. at 559.

Tennessee has established a statutory right to post-conviction counsel. Tenn. Code Ann. § 40-30-107(b)(1) (2003). However, "a state may give prisoners the assistance of counsel without requiring 'the full panoply of procedural protection that the Constitution requires be given to defendants who are in a fundamentally different position--at trial and on first appeal as of right.'" House v. State, 911 S.W.2d 705, 712 (Tenn. 1995) (quoting Finley, 481 U.S. at 559). Therefore, because there is no constitutional right to counsel in post-conviction proceedings, we have held that "there is no constitutional right to effective assistance of counsel in post-conviction proceedings." Id. The United States Supreme Court has likewise held that the Fourteenth Amendment's right to counsel, and therefore right to effective assistance of counsel, only applies through the first appeal as of right. See Douglas v. California, 372 U.S. 353, 357 (1963).

In House, a situation arose similar to that in the case under submission, in that the defendant filed a second petition for post-conviction relief, claiming ineffective assistance of counsel with

-4-

respect to his first petition for post-conviction relief.  House, 911 S.W.2d at 707.  The Court of Criminal Appeals held that, although the ineffectiveness of prior post-conviction counsel was not a ground for relief, it was an "important factor" in determining whether a second post-conviction claim was barred by waiver or previous determination.  Id. at 708.  We disagreed:

> There being no constitutional or statutory right to effective assistance of counsel in post-conviction proceedings, a court should not consider the ineffectiveness of counsel at a prior post-conviction proceeding in deciding whether a ground for relief has been previously determined.

Id. at 712.  We specifically held that a claim of ineffective assistance of post-conviction counsel could "not establish a legal excuse for failure to raise issues in the initial proceeding."  Id.  If a claim of ineffective assistance of post-conviction counsel does not establish an excuse for defendant's failure to raise an issue, it similarly cannot provide an excuse for a defendant's failure to timely file a Rule 11 application.

Despite there being no right to effective assistance of counsel during post-conviction proceedings, the Court of Criminal Appeals relied upon Burford v. State, 845 S.W.2d 204 (Tenn. 1992), Williams v. State, 44 S.W.3d 464 (Tenn. 2001), State v. Brown, 653 S.W.2d 765, 767 (Tenn. Crim. App. 1983), and State v. Hopson, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979),  in concluding that Stokes was denied due process by his post-conviction counsel's failure to file a timely Rule 11 application.  Two of those cases, Hopson and Brown, involve situations similar to that in Evans, in that appointed counsel failed to take action after an adverse decision on *direct appeal*, unilaterally denying the defendant the right to second-tier review.  See Evans, 108 S.W.3d at 234; Hopson, 589 S.W.2d at 954; Brown, 653 S.W.2d at 767.  Neither of these cases addressed counsel's responsibility following a post-conviction appeal.

The remaining cases, Burford and Williams, likewise do not support the decision of the Court of Criminal Appeals.  In both cases, we held that due process considerations outweighed the government's interests and precluded the application of the statute of limitations to bar the presentation of the defendant's claims, thus giving the defendant a right to have his claim heard on the merits.  Williams, 44 S.W.3d at 471 (holding that attorney misrepresentation may toll the post-conviction statute of limitations despite the presence of statutory language stating that the statute of limitations shall not be tolled for any reason); Burford, 845 S.W.2d at 209 (allowing the tolling of the post-conviction statute of limitations where the petitioner was forced to wait to bring his post-conviction claim until underlying convictions were declared invalid).

In Williams, misrepresentation by defendant's counsel led to a failure to file an application for permission to appeal to this Court following the decision of the Court of Criminal Appeals on direct appeal.  The defendant believed that the case had been pending before this Court, and by the time he filed a petition for post-conviction relief, his petition was dismissed as time-barred.  We held that if the defendant was under the impression that a Rule 11 application was pending, he was effectively precluded from filing a timely petition for post-conviction relief, and that the attorney's

misrepresentation and failure to withdraw as counsel warranted a tolling of the statute of limitations. Williams, 44 S.W.3d at 471.

In Williams, unlike this case, the attorney's ineffective assistance occurred on direct appeal, and not during the post-conviction process. Counsel's actions precluded Williams from even filing a petition for post-conviction relief and having his claims heard on the merits. In that decision we stressed the importance of allowing the petitioner to bring a collateral attack against his convictions:

> To summarily terminate his claim without further inquiry would be an "abridgement of both direct and post-conviction avenues of appeal – without ever reaching the merits of the appell[ee]'s case – [and] would be patently unfair."

Id. All that due process requires in the post-conviction setting is that the defendant have "'the *opportunity* to be heard at a meaningful time and in a meaningful manner.'" House, 911 S.W.2d at 711 (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). In this case, Stokes is not being denied the right to present his post-conviction claim. In fact, his post-conviction claim has been heard and rejected by two different courts.

## CONCLUSION

In summary, we find that the petitioner was not denied due process by his post-conviction counsel's failure to either withdraw as counsel or file an application for permission to appeal after the Court of Criminal Appeals upheld the trial court's denial of post-conviction relief. It has been well established that petitioners do not have a constitutional right to effective assistance of counsel, and that all due process requires during post-convictions procedures is a meaningful opportunity to be heard. Here, the petitioner was afforded a full evidentiary hearing and full review in his first-tier post-conviction appeal. Therefore, there was no due process violation. As such, the decision of the Court of Criminal Appeals is reversed.

Because it appears to the Court that the petitioner, Anthony Jerome Stokes, is indigent, the costs of the appeal will be paid by the State of Tennessee.

_____
WILLIAM M. BARKER, JUSTICE