IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 19, 2005

## CORNELIUS RICHMOND v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. P-14880     Bernie Weinman, Judge

_____

**No. W2004-01258-CCA-R3-PC  - Filed July 11, 2005**

_____

The petitioner, Cornelius Richmond, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief from his convictions for seven counts of aggravated robbery. He claims that Tennessee's Post-Conviction Procedure Act as applied to his case violates the due process clause and that the trial court erred in sentencing. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Cornelius Richmond, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 22, 1992, the petitioner pled guilty to seven counts of aggravated robbery, and the trial court sentenced him to an effective sentence of sixteen years in the Department of Correction. The petitioner filed a petition for post-conviction relief on May 19, 1995, which the trial court dismissed on August 22, 1995. The petitioner did not appeal the trial court's order dismissing his petition. On July 7, 2003, the petitioner filed a second petition for post-conviction relief requesting a delayed appeal of his first petition based upon his appointed counsel's failure to prosecute his appeal and failure to inform him of his right to appeal. The petitioner averred that his trial counsel's failure to appeal the trial court's dismissal of his first petition, failure to refile his petition in the trial court, and failure to warn the petitioner of his actions denied the petitioner due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. The trial court dismissed the petition on April 30, 2004 for failure to state a claim.

In its order dismissing the petitioner's second petition for post-conviction relief, the trial court stated that the petitioner's first petition for post-conviction relief was dismissed on August 22, 1995 "because Petitioner was not present in court to handle the matter; thus the matter was dismissed for lack of prosecution. Petitioner was released on parole on July 24, 1995, and had not reported to his counsel Gerald Skahan since about July 25, 1995."

On appeal, the petitioner contends that due process requires the trial court to conduct an evidentiary hearing of his first petition in order to afford him a meaningful opportunity to present his constitutional claims. He asserts this court should remand the case for an evidentiary hearing because of the deficient representation of his post-conviction counsel. He also contends the trial court erred in ordering consecutive sentencing. The state responds that the trial court properly dismissed the second petition for post-conviction relief because "if viewed as a second petition for post-conviction relief, it is barred by the statute of limitations; or, if it is viewed as a motion to reopen the first petition, it does not meet the requirements of Tenn. Code Ann. § 40-30-117." The state also contends that the petitioner's sentencing issue is improper because he does not allege a constitutional violation.

Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is reviewed as a question of law. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). Thus, our review of the trial court's dismissal of the petition is de novo. See id.; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Post-Conviction Procedure Act states that a petition for post-conviction relief must specify the grounds for relief and set forth facts to establish a colorable claim for relief. See T.C.A. § 40-30-106(d). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When the facts, taken as true, fail to demonstrate that the petitioner is entitled to relief, then the trial court may dismiss the petition. T.C.A. § 40-30-106(f). When the trial court concludes that a petition does not present a "colorable claim," it may summarily dismiss the petition without appointing counsel. See Blair v. State, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997).

A petitioner must file a petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a). We conclude that the petitioner's second petition for post-conviction relief is time-barred by the statute of limitations. Notwithstanding, the petitioner argues that due process requires the reopening of his first petition for post-conviction relief, citing Williams v. State, 44 S.W.3d 464 (Tenn. 2001). In Williams, our supreme court remanded the case to the trial court for a determination of whether the application of the Post-Conviction Procedure Act would deny the petitioner due process when the petitioner's counsel untimely withdrew after the trial but before applying for permission to appeal

to the supreme court and before explaining to the petitioner his right to file a pro se motion for post-conviction relief. Because the petitioner alleged that he believed his case was still pending before the supreme court, the Williams court held a strict application of the Post-Conviction Procedure Act's statute of limitations to his case could offend due process. 44 S.W.3d at 469-72. We conclude, however, that the defendant's reliance on Williams is misplaced.

Unlike the petitioner in Williams, the petitioner does not allege deficiency of his counsel's performance during the direct appeal process. Rather, he contends his post-conviction counsel erred after the dismissal of his petition for post-conviction relief, thereby resulting in a denial of his right to due process. However, our supreme court recently concluded in Stokes v. State, 146 S.W.3d 56, 60-61 (Tenn. 2004), that the due process contemplated in Williams does not apply to post-conviction proceedings. Whether viewed as a second petition for post-conviction relief or a motion to reopen the first petition, we conclude the trial court did not err in summarily dismissing the petition. The petitioner is not entitled to relief.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE

-3-