IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## JESSIE HODGES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County
No. 6952   Joe H. Walker, III, Judge**

_____

**No. W2005-01852-CCA-R3-PC  - Filed January 25, 2006**

_____


The Petitioner, Jessie Hodges, appeals the lower court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is procedurally barred from pursuing appellate review of the lower court's denial of post-conviction relief.  Accordingly, the above-captioned appeal is dismissed.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Jessie Hodges, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**

On December 1, 2000, Petitioner was convicted of one count of robbery, a class C felony. _State v. Jessie Nelson Hodges_, No. W2001-00871-CCA-R3-CD, 2002 WL 927603, *1 (Tenn. Crim. App., at Jackson, May 3, 2002), _perm. to appeal denied_, (Tenn. Nov. 4, 2002).  For this conviction, Petitioner was sentenced to twelve years in the Department of Correction.  His conviction and sentence were affirmed on direct appeal.  _Id._  On August 21, 2003, the Petitioner filed a petition for

1

post-conviction relief, which was "denied and dismissed with the appointment of counsel." No direct appeal was taken.

On June 23, 2005, the Petitioner filed a second petition for post-conviction relief, asserting that he was denied an appeal of right of the denial of post-conviction relief, in that appointed counsel failed to file a notice of appeal document. By order entered June 29, 2005, the lower court denied relief, making the following findings of fact and conclusions of law:

> . . .
>
> > The petitioner filed a prior petition on May 21, 2003. On that same date, the court filed a preliminary order appointing the public defender to consult with Petitioner about his rights under the Post-Conviction Act. After consulting with the public defender, Mr. Hodges insisted on representing himself in the post-conviction matter, just as he had represented himself at trial against advice. The public defender wrote Mr. Hodges in August 2003 advising him that despite his insistence on self-representation, that she would be available for any questions.
> > The post-conviction petition was dismissed without a hearing on August 21, 2003. A copy of the dismissal order was mailed to petitioner. . . . .
> > A petition for post-conviction relief must be filed within one year. . . .

The Petitioner filed a notice of appeal document on August 4, 2005. The State has filed a motion requesting summary affirmance in accordance with Rule 20, Rules of the Tennessee Supreme Court. In its motion, the State contends that the notice of appeal document is late, thereby depriving this Court of jurisdiction. If waiver of the timely filing requirement is granted, however, the State asserts that petition should be dismissed as untimely and because the Post-Conviction Act precludes the filing of a second petition for relief. *See* T.C.A. § 40-40-102. The Petitioner has filed a response in opposition to the State's motion.

Again, the post-conviction court denied relief by order entered June 29, 2005. The notice of appeal document was filed in the trial court on August 4, 2005, and was delivered to prison officials for mailing on August 1, 2005. *See* Tenn. Sup. Ct. R. 28 § 2(G). trial court denied habeas corpus relief by order entered June 29, 2005. The Petitioner filed a notice of appeal document in the trial court on August 16, 2005. No motion to excuse the late-filed notice of appeal document was filed with this Court. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver.

2

To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State,* No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied,* (Tenn. May 28, 1996).

Although Petitioner's filing was *pro se,* Rule 4, Tennessee Rules of Appellate Procedure, does not relieve *pro se* appellants from the thirty-day notice requirement. Thus, Petitioner's *pro se* status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

Our review of the issues raised on appeal in consideration with the record as a whole fails to persuade this Court that justice requires this Court to excuse the timely filing of the notice of appeal document. Petitioner asserts that he is entitled to a delayed appeal as of right from the denial of his first petition for post-conviction relief because appointed counsel failed to file a notice of appeal document. First, the present petition comes nearly two years after relief was denied on the first petition. Next, the findings of the post-conviction court belie the facts alleged by the Petitioner. Rather, it appears that the Petitioner rejected the assistance of appointed counsel and proceeded *pro se*. Thus, counsel cannot be blamed for the Petitioner's failure to appeal the lower court's denial of post-conviction relief. Moreover, even had Petitioner accepted representation by counsel and counsel had failed to pursue an appeal of the lower court's denial of relief, this failure would not constitute a ground for permitting a delayed appeal. *See Darrel D. Hayes v. State*, No. 01C01-9604-CR-00163, 1997 WL 537079, *1 (Tenn. Crim. App., at Nashville, Sept.2, 1997); *cf. Stokes v. State*, 146 S.W.3d 56, 60-61 (Tenn. 2004) (failure of post-conviction counsel to file application for permission to appeal not ground for granting delayed appeal).

In the absence of a timely filed notice of appeal, this Court is without jurisdiction to entertain the above-captioned appeal. Accordingly, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE

3