# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## WILLIE BOB KING v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Warren County**
**No. F-9178   Larry B. Stanley, Judge**

---

**No. M2010-01445-CCA-R3-PC -  Filed May 19, 2011**

---

This matter is before the Court on the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner, Willie Bob King, filed a petition for post-conviction relief, which the post-conviction court denied, and this Court affirmed on appeal. Thereafter, the Petitioner did not file for permission to appeal to the supreme court. After the period in which to file such an application expired, the Petitioner filed a second petition for post-conviction relief, seeking a delayed appeal to the supreme court.  The post-conviction court denied this petition without a hearing and refused the Petitioner's request to reconsider its decision.  The Petitioner appeals the post-conviction court's dismissal of his second petition for post-conviction relief. Upon our review of the record in this case, we conclude that the Petitioner is not entitled to a delayed appeal and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20,**
**Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Willie Bob King, pro se, Nashville, Tennessee.

Robert E. Cooper, Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; and Lisa Zavogiannis, District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Petitioner was convicted of two counts of aggravated burglary, two counts of aggravated assault, and once count of resisting arrest, and he was sentenced to thirty-five years in the Tennessee Department of Correction. This Court affirmed his convictions and sentence on direct appeal. *State v. Willie Bob King*, No. M2004-00548-CCAR3-CD, 2005 WL 1252624 (Tenn. Crim. App. at Nashville, May 25, 2005), *perm. to appeal denied* (Tenn. 2005). The Petitioner thereafter filed a petition for post-conviction relief, which the post-conviction court denied after a hearing. This Court affirmed the post-conviction court's denial of post-conviction relief. *Willie Bob King v. State*, No. 2007-01415-CCA-R3-PC, 2007 WL 3071462 (Tenn. Crim. App., Aug. 5, 2008), *no Tenn. R. App. P. 11 application filed*.

If the allegations contained within the Petitioner's second petition are taken as true, shortly after this Court affirmed the denial of the Petitioner's original petition for post-conviction relief, the attorney who had been representing the Petitioner during post-conviction proceedings withdrew without either filing for permission to appeal this Court's ruling to the supreme court or informing the Petitioner of his right to do so.

On May 26, 2010, well after the period in which the Petitioner could file a Rule 11 application for permission to appeal this Court's decision to the supreme court had expired, the Petitioner filed a "Post-Conviction Relief Petition for Delayed Appeal Pursuant to T.C.A. § 40-30-113." In this petition, the Petitioner claimed that, because his post-conviction counsel failed to file a Rule 11 application for permission to appeal this Court's decision affirming the dismissal of his petition for post-conviction relief, the post-conviction court should "apply the procedures set out in Tennessee Code Annotated section 40-30-113" and grant him a "delayed appeal." The post-conviction court denied the petition without a hearing, and the Petitioner moved for the court to reconsider its decision. The post-conviction court denied the Petitioner's motion for reconsideration. The Petitioner appealed the post-conviction court's denial of his petition for post-conviction relief in the form of a delayed appeal, and the State now moves for this Court to summarily affirm the denial of his petition.

Under the Post-Conviction Procedure Act of 1995, "[i]f a primary petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c) (2009). The Act provides for a "delayed appeal," however, where the petitioner, through no fault of his own, has been "denied the right to an appeal from the original conviction." T.C.A. § 40-30-113(a) (2009). Supreme Court Rule 29, section 9(D), sets out the procedure for obtaining a delayed appeal and allows either a trial court or this Court to grant such an appeal. Under this provision, a petitioner may obtain a delayed direct appeal due to counsel's ineffective

assistance on direct appeal. *Wallace v. State*, 121 S.W.3d 652, 656 (Tenn. 2003). The right to a delayed appeal does not include a delayed post-conviction appeal, either to this Court or to the supreme court, due to counsel's ineffective assistance on post-conviction appeal. *Stokes v. State*, 146 S.W.3d 56, 59 (Tenn. 2004).

The Petitioner in this case seeks a delayed post-conviction appeal based upon his allegation that his post-conviction counsel was ineffective for failing to either file or inform him of his right to file an application for permission to appeal this Court's decision affirming the denial of his original petition for post-conviction relief. Because the right to a delayed appeal does not include the right to a delayed appeal of the denial of post-conviction relief, the Petitioner is not entitled to a delayed appeal under the Post-Conviction Procedure Act of 1995. *See* T.C.A. § 40-30-113(a); *Stokes*, 146 S.W.3d at 59. Accordingly, the State's motion is hereby granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE