IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs  September 18, 2012

**DAVID AVERY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-2451      Cheryl Blackburn, Judge**

**No. M2011-02625-CCA-R3-PC - Filed December 17, 2012**

The petitioner, David Avery, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief.  The petitioner was convicted of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder and was sentenced to an effective term of forty-nine years in the Department of Correction.  On appeal, he contends that he was denied his right to the effective assistance of counsel at trial and on direct appeal.  After reviewing the record, we must conclude that the petitioner failed to establish his claim.  Accordingly, the denial of relief is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Kara L. Everett, Mt. Juliet, Tennessee (on post-conviction); and David M. Hopkins, Nashville, Tennessee (at trial and on appeal), for the appellant, David Avery.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History and Factual Background**

The facts underlying the petitioner's multiple convictions arise from his involvement in a home robbery, which included an attack on two victims. *State v. David Anthony Avery and Frederick Alexander Avery*, No. M2008-01809-CCA-R3-CD (Tenn. Crim. App., at Nashville, Dec. 10, 2009). We glean from the opinion filed in the direct appeal of this case that the State's proof, consisting of eyewitness testimony from the victims and the petitioner's sister, established that the petitioner joined with his brother in using box cutters to attack the victims in their home in order to obtain drugs and money. *Id*. A complete summarization of the extensive proof presented at trial is contained in the opinion, but recitation here is not necessary for our determination of the issues presently before us.

The petitioner was originally indicted, along with his co-defendant brother, for two counts of especially aggravated robbery and two counts of attempted first degree murder. Following the presentation of proof, the jury was charged. In that charge, the trial court specifically defined "serious bodily injury" in relation to the especially aggravated robbery counts. However, the court did not again specifically define "serious bodily injury" in the instructions with regard to any lesser-included offenses, specifically aggravated assault. Following deliberations, the jury convicted the defendant of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder. Following a sentencing hearing, the petitioner was sentenced to an effective sentence of forty-nine years in the Department of Correction. A direct appeal was filed with this court challenging the sufficiency of the convicting evidence and the sentence imposed. This court affirmed both the convictions and sentence on direct appeal. *Id*.

Thereafter, the petitioner filed a timely pro se petition for post-conviction relief alleging, among other grounds, that he was denied his right to the effective assistance of counsel. Specifically, he complained that trial counsel had failed to challenge the trial court's omission of the definition of "serious bodily injury" from the jury instructions regarding the lesser-included offenses. Following the appointment of counsel, an amended petition was filed, adding a challenge to the petitioner's representation on direct appeal.

At the subsequent hearing, post-conviction counsel called the petitioner to the witness stand to testify. However, the petitioner refused to be sworn in to testify and contended that anyone, including the post-conviction court and counsel, who referred to him by the name "David Avery" was violating the copyright protections he had placed on his name. Post-conviction counsel explained to the court that she was prepared to represent the petitioner on his post-conviction claims but that he had advised her immediately prior to the hearing that he felt that proceeding with the hearing was not in his best interest. During this discussion, the petitioner also announced that he wished to have no contact with the court "in no form, shape, or fashion."

In attempting to question and explain the post-conviction process to the petitioner, the court was repeatedly interrupted by the petitioner, again claiming that to refer to him by name was infringing on his common law copyrighted property rights. The petitioner went so far as to state that every time the court used his name, it would be subject to a $500,000 fine. The petitioner also stated that he had never been convicted of the instant crimes, stating "[y]ou have convicted a juristic person by the all capitalized name." The court persisted, noting that "A person named David Avery, who looks exactly like you, who probably has the same fingerprints you do, was convicted in this court." The court then specifically informed the petitioner that he had the right to file for post-conviction relief but informed him "[i]f you do no present proof today, you're giving up your right to contest your conviction." The court specifically stated that the petitioner had "an opportunity to talk about what [he] [thought] went wrong at [his] trial," to which the petitioner responded that the court had "an opportunity to save [itself] and not go broke by using my common law copyrighted property." After acknowledging that he was refusing to participate in the hearing because it was his position that he had never been convicted, the petitioner left the witness stand.

Despite the fact that the petitioner refused to offer proof, post-conviction counsel felt that she was ethically bound to call trial counsel to testify. Trial counsel indicated that he had represented the petitioner both at trial on appeal. During the preparation for trial, he met with the petitioner at least a dozen times. Trial counsel stated that he discussed the nature and consequences of the four counts contained in the indictment, along with the elements of each offense. However, trial counsel was unable to recall if he had reviewed a paper copy of the jury instructions prior to their being read to the jury. He did indicate, however, that it was the practice of this division to provide a paper copy prior to their being read aloud, although he had no independent recall of that occurring in this case. Trial counsel also could not recall whether "serious bodily injury" was defined one time or multiple times for the lesser-included offenses. Trial counsel also testified that he perfected an appeal to this court, which was denied.

After taking the matter under advisement, the post-conviction court entered a written order denying relief. This timely appeal followed.

**Analysis**

On appeal, the petitioner contends that the denial of his petition for post-conviction relief was error. In order to obtain post-conviction relief, a petitioner must prove that his or her conviction or sentence is void or voidable because of the abridgement of a right guaranteed by the United States Constitution or the Tennessee Constitution. T.C.A. § 40-30-103 (2010); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). A post-conviction petitioner must prove allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f);

Tenn. Sup. Ct. R. 28, § 8(D)(1); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010). Moreover, witness credibility determinations rest within the sound discretion of the post-conviction court. *State v. Odom*, 40 S.W.3d 450, 458 (Tenn. 2001).

A criminal defendant has a right to "reasonably effective" assistance of counsel under both the Sixth Amendment to the United States Constitution and Article I, Section 9, of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to effective assistance of counsel is inherent in these provisions. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Dellinger*, 279 S.W.3d at 293. To prove ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice to the defense. *Strickland*, 466 U.S. at 687-88. Failure to satisfy either prong results in the denial of relief. *Id*. at 697.

A claim of ineffective assistance of counsel raises a mixed question of law and fact. *Burns*, 6 S.W.3d at 461; *Grindstaff*, 297 S.W.3d at 216. Consequently, this court reviews the trial court's factual findings de novo with a presumption of correctness, unless the evidence preponderates against the trial court's factual findings. *Grindstaff*, 297 S.W.3d at 216. But the trial court's conclusions of law on the claim are reviewed under a purely de novo standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

In denying relief, the post-conviction court specifically found:

> Petitioner raised multiple claims in both his pro se and amended petitions; however since Petitioner refused to testify at his evidentiary hearing, no proof supporting his claims was placed in the record by himself or any other witness. As such, Petitioner failed to meet his burden of proving by clear and convincing evidence standard his ineffective assistance of counsel and other claims. . . . Petitioner essentially waived his right to a post-conviction hearing.
>
> . . . .
>
> Additionally, the Court notes that the primary claim advanced during the post-conviction proceeding is that the Court omitted the essential element

-4-

of "serious bodily injury" from the definition of the lesser included offense of aggravated assault, the offense Petitioner asserts would have been the proper conviction. Even assuming Petitioner's argument has merit, here, the jury convicted Petitioner of the lesser included offense aggravated robbery in Count 1 and the indicted charge of especially aggravated robbery on Count 2. Thus, before the jury would have even considered the offense of aggravated assault, the jury must have found Petitioner not guilty of all the higher offenses set forth on the verdict form; that is, especially aggravated robbery, facilitation of especially aggravated robbery, attempted especially aggravated robbery, aggravated robbery, facilitation of aggravated robbery, attempted aggravated robbery, facilitation of attempted aggravated robbery, robbery, facilitation of robbery, attempted robbery, facilitation of attempted robbery. Here, the jury did not deliberate past the lesser included offense of aggravated robbery. Even if the Court inadvertently omitted the element of "serious bodily injury" and trial counsel failed to object, Petitioner has not suffered any prejudice. As the State pointed out at the evidentiary hearing, given the totality of the case, there was no question that a weapon was used and people were placed in fear.

On appeal, the petitioner contends that the post-conviction court erred in finding that he had waived his right to a post-conviction hearing by his refusal to testify. He asserts that, while he did not answer direct questions, "the[re] is no indication in the record that he knowingly waived his right to post-conviction relief as he never said specifically that he did not want to proceed with his claim." The petitioner further contends that post-conviction counsel was able to illicit testimony from trial counsel which established his claim of deficient performance. He contends that trial counsel's failure to remember whether he reviewed the instructions prior to them being read to the jury "is a gross deviation in the standard of legal representation and the deviation from that standard has prejudiced [the petitioner.]" We disagree.

The Post-Conviction Procedure Act outlines the procedure for establishing a claim of ineffective assistance of counsel, specifically stating that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-106(g). Essentially, the purpose of the evidentiary hearing is for the petitioner to present evidence under the *Strickland* standard as to whether there was a deficiency in representation and whether prejudice resulted therefrom. "All that due process requires in the post-conviction setting is that the defendant have 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Stokes v. State*, 146 S.W.3d 56, 61 (Tenn. 2004) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Our supreme court had held that if a petitioner is "given the opportunity to present proof and argument on the

petition for post-conviction relief," he has received a full and fair hearing. *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995).

In this case, it seems apparent that the petitioner was in fact afforded an opportunity to be heard at the evidentiary hearing. *See David M. Olvera*, No. M2009-00039-CCA-R3-PC (Tenn. Crim. App., at Nashville, Dec. 22, 2010). The petitioner in this case chose not to avail himself of that opportunity despite repeated warnings from the court about the resulting consequences of such actions. Instead of exercising his constitutionally given rights to introduce evidence regarding trial counsel's performance, the petitioner chose to put forth frivolous claims of copyright infringement. By doing so, he effectively waived his right to a post-conviction proceeding. We can reach no other conclusion on this record other than that the petitioner knowingly waived this right by his own actions and refusals.

While we agree that post-conviction counsel did attempt to put on some form of evidence with the testimony of trial counsel, it was simply not enough to carry the burden in this case. Trial counsel's testimony was that he was unable to recall whether he had specifically reviewed the jury charge prior to it being read or what mention was made of "serious bodily injury." Contrary to the petitioner's contention on appeal, failure to recall is not equivalent to a gross deviation from the standard of effective legal representation. Moreover, as pointed out by the State, even if trial counsel had failed to review or object to this lack of multiple inclusion of the definition of "serious bodily injury," our supreme court has found no error in not repeating definitions with each lesser offense, because the law requires only that the jury be fairly charged with the law. *See State v. Cravens*, 764 S.W.2d 754, 756 (Tenn. 1989); *State v. Jones*, No. M2003-01942-CCA-R3-CD (Tenn. Crim. App., at Nashville, Mar. 18, 2005). This precludes a finding of prejudice, which negates the petitioner's ineffective assistance of counsel claim. No relief is warranted.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE