IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, at Knoxville July 23, 2013

**FRED MORGAN v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Franklin County**
**No. 18082      Buddy D. Perry, Judge**

**No. M2012-02329-CCA-R3-CO- Filed September 17, 2013**

The petitioner, Fred Mogan, appeals the summary dismissal of his petition for post-conviction relief as untimely. He pled guilty to one count of aggravated sexual battery in 2008 and was sentenced to twelve years in the Department of Correction. In September 2012, the petitioner filed what appears to be his second petition for post-conviction relief in this case. The post-conviction court dismissed the petition as untimely. On appeal, the petitioner contends that the court should have considered his petition because due process requires tolling the statute of limitation. Following review of the somewhat scant record before us, we affirm the dismissal of the petition for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Fred Morgan, Whiteville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

In March 2008, a Franklin County grand jury returned an indictment against the petitioner charging him with two counts of rape of a child, two counts of aggravated sexual battery, and two counts of incest. He subsequently pled guilty to one count of aggravated sexual battery and was sentenced to twelve years in the Department of Correction. Judgement was entered May 29, 2009, and no direct appeal was taken.

Although not contained within the record before us, the petitioner apparently filed a petition for post conviction relief prior to filing the one which is the subject of this appeal. This is referenced by the petitioner, and the following statement is also included within the post-conviction court's dismissal order:

> The [petitioner] filed his first Petition for Post-Conviction Relief on December 18, 2008. On or about July 17, 2009, the [petitioner] appeared in open Court and withdrew his Post-Conviction Petition and agreed that the Petition would be dismissed. The Court entered an Order dismissing the [petitioner's] Post-Conviction Petition on July 17, 2009.

Several years later, on April 27, 2012, the petitioner filed a petition for relief pursuant to Tennessee Code Annotated section 40-35-313 as a motion to correct an illegal sentence and to consider re-sentencing the petitioner to split confinement. In July 2012, the court denied that petition, finding: (1) no relief was warranted because the offense for which the petitioner was convicted of rendered him ineligible under the statute; and (2) the petition was untimely. Next, on September 7, 2012, the petitioner filed the instant petition for post-conviction relief and a motion to withdraw his guilty plea. There also appears in the record an unsigned, undated petition for mental illness examination, although it bears no court stamp to indicate that it was filed with the court.

On September 18, 2012, the State filed a motion to dismiss the post-conviction petition based upon the statute of limitations, the motion to withdraw the guilty plea, and the petition for mental evaluation. For reasons not clear, the petitioner filed a notice of appeal on September 28, 2012.

On October 25, 2012, the post-conviction court filed an order summarily dismissing the three petitions. On November 19, 2012the petitioner filed an amended petition for post-conviction relief, along with a motion for leave to amend and "a declaration of petitioner in support of the motion for leave to amend." On November 29, 2012 he again filed these motions, in addition to a motion to consider post-judgment facts. On December 3, 2012, the petitioner again filed a notice of appeal. On December 19, the post-conviction court entered

an order denying and dismissing all the petitioner's "recent filings."

**Analysis**

On appeal, the petitioner has designated three specific issues for our review: (1) whether the trial court erred in denying the petition for post-conviction relief; (2) whether the petitioner's rights were violated when counsel neither withdrew from representation nor filed an application for permission to appeal after this court ruled against him on his petition for post-conviction relief; and (3) whether due process can be implicated when a statute of limitations prevents the petitioner from seeking post-conviction relief. In his brief, he states that this court should remand the case for a determination of

> when and how [he] learned that no application for permission to appeal had been made as to this court's 2009 judgment affirming the dismissal of his first post-conviction petition; why counsel did not either withdraw or file an application for permission to appeal the judgment; and whether due process requires that [he] be given the opportunity to file an application for permission to appeal that judgment.

He further states that

> [w]ith this addition to the record, and the findings of the post-conviction court, this court can determine whether this court should withdraw and then refile its 2009 opinion, so as to provide an opportunity for the [petitioner] to file an application for permission to appeal to the supreme court.

The petitioner also raises the issue that counsel was ineffective for failing to interview and investigate potential witnesses and that his plea was coerced by the prosecution, who threatened to prosecute his wife.

As an initial matter, we are somewhat perplexed by the petitioner's argument, as much of it centers on his claim that he was not made aware of the denial of his first petition for post-conviction relief or a subsequent affirmance by this court on appeal. However, statements by the post-conviction court indicate that the petitioner, while present in the courtroom, sought to withdraw the petition and agreed that it would be dismissed. We must assume that no ruling was ever made on the merits of the petition, and further, we have no record whatsoever of an appeal being filed with this court. Thus, the petitioner's argument is not meritorious.

Nonetheless, as it appears that the first petition was voluntarily dismissed in July

-3-

2009, the question before this court becomes one of a statute of limitations bar. Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed within one year of "the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id*. In the event that a petitioner files a petition for post-conviction relief outside the one year statute of limitations, the trial court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b).

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Id. § 40-30-102(b). The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000).

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

*Id*. at 277-278 (quoting *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)).

In the recent case of *Artis Whitehead v. State of Tennessee*, our supreme court discussed the matter of due process in a post-conviction context. The court identified three circumstances in which due process requires tolling the post-conviction statute of limitations. *Whitehead v. State*, ___ S.W.3d ___, 2013 Tenn. LEXIS 310, *19 (Tenn., Mar. 21, 2013). The first of the three circumstances involves claims for relief that arise after the statute of limitations has expired. *Id*. The second due process basis for tolling the statute of limitations involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. *Id*. at *20-21. The third exception is when attorney misconduct

necessitates the tolling of the statute of limitations. *Id*. at 21.

As an initial matter, there is no dispute in this case that the petition for post-conviction relief was filed outside the applicable one-year statute of limitations. Indeed, the petition at issue was filed over four years after the judgment became final. The petitioner does not dispute that the petition was not timely filed. Nor does he contend that any of the enumerated statutory exceptions to the statute of limitations are applicable. We agree that none of those are applicable on these facts, as did the post-conviction court in its order of dismissal.

The petitioner's argument that the untimeliness of his filing should be excused is based upon due process. From our reading of the petitioner's argument on appeal, he does not appear to argue that the issues he challenges were later-arising or that mental incompetence kept him from complying with the statute of limitations. The post-conviction court specifically noted that "[t]he [petitioner's] claims of ineffective assistance of counsel, misrepresentation, violation of Sentence Reform Act and prosecutor misconduct all are alleged to have occurred at the guilty plea hearing[.]" Thus, as concluded by the post-conviction court, they were clearly not "later-arising" claims which arose after the running of the statute of limitations.

The petitioner's main contention is one of attorney misconduct. He asserts that the misconduct occurred when post-conviction counsel did not withdraw from representation or file for permission to appeal following the dismissal of his initial post-conviction petition. Again, we note that the petitioner's claim is simply not supported by the facts on this record. The petitioner was present in court when the initial petition was dismissed. Moreover, the petitioner is attacking his post-conviction counsel. In *Stokes v. State*, the attorney failed to withdraw or to file an appeal. 146 S.W.3d 56 (2004). Our supreme court unanimously held that due process did not require tolling the statute of limitations because "there is no right to effective assistance of counsel in post-conviction proceedings." *Id*. at 57, 60-61.

Due process, in the post-conviction context, serves to protect people who have not been given the opportunity to have their issues heard in court. However, this record is clear that the petitioner was given an opportunity to file and have heard a petition for post-conviction relief. He chose, for whatever reason, to withdraw that petition and did not file a subsequent timely post-conviction petition. The petitioner can not attempt to circumvent the statute of limitations by claiming misconduct on the part of counsel at this point.

After careful consideration of the appropriate statutes and the facts of the case, the post-conviction court failed to find a valid reason to toll the statute of limitations. Nothing in the record before us preponderates against the findings of the post-conviction court.

## CONCLUSION

Based upon the foregoing, the dismissal of the petition for post-conviction relief is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE