IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

## JOHNNY PARKER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 13-CR-9871     R. Lee Moore, Jr., Judge**

_____

**No. W2015-01383-CCA-R3-PC  -  Filed September 9, 2016**

_____

The petitioner, Johnny Parker, acting *pro se*, appeals the post-conviction court's denial of his petitions for post-conviction relief, which, at his request, this court consolidated for the purposes of appeal.[1]  On appeal, as we understand, he argues as to both that his post-conviction counsel was ineffective.  After review, we affirm the denial of the petitions.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Johnny Parker, Tiptonville, Tennessee, Pro Se (on appeal); and Noel Riley, Dyersburg, Tennessee (at hearing), for the appellant, Johnny Parker.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Lance E. Webb, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

We will set out the chronology of this matter and the various claims of the petitioner, as best we can understand them.

On February 25, 2014, the petitioner pled guilty to conspiracy to introduce contraband into a penal facility, a Class D felony, and was sentenced as a Range II, multiple offender to six years in the Department of Correction, to be served consecutively

---

[1]On January 28, 2016, this court consolidated the petitioner's Case Nos. W2015-01383-CCA-R3-PC and W2015-02443-CCA-R3-PC under Case No. W2015-01383-CCA-R3-PC.

to two prior Knox County cases. He was incarcerated at the time for second degree murder, attempted first degree murder, and aggravated assault.

On January 23, 2015, the petitioner filed a *pro se* "Motion to Withdraw Guilty Plea," alleging that he was denied the effective assistance of trial counsel. The post-conviction court, therefore, treated the motion as a petition for post-conviction relief and appointed counsel to represent the petitioner. Following a June 22, 2015 evidentiary hearing, the post-conviction court entered a written order on July 1, 2015, denying the petitioner's motion/petition, determining that the petitioner had

> entered his guilty plea against the advice of trial counsel, that he was informed by trial counsel, counsel for the State, and by the [c]ourt on the record prior to entry of his guilty plea that the State was prepared to dismiss the case against him, but [the] [p]etitioner insisted on entering a guilty plea in exchange for a dismissal against the co-defendant, Jannifer Cooke. The [c]ourt therefore finds that the [p]etitioner has failed to carry his burden of proving by clear and convincing evidence either requirement for relief: 1) that [trial counsel's] performance fell below the range of competence demanded of attorneys in criminal cases; or 2) that but for the alleged deficiencies that there is a reasonable probability that he would have not entered a guilty plea but would have instead insisted on a trial. Consequently, the [c]ourt finds that his Motion to Withdraw Guilty Plea/Petition for Post-Conviction Relief should be denied[.]

We note that although at the evidentiary hearing on his first petition for post-conviction relief, the petitioner denied that Jannifer Cooke is, or was, his girlfriend, the record on appeal contains several photographs of Ms. Cooke showing that, on each forearm, she has a large tattoo with the petitioner's name. On July 24, 2015, court-appointed counsel filed a notice of appeal. The petitioner then filed a motion seeking to proceed *pro se* in the appeal.

On September 11, 2015, this court entered an order remanding the matter to the post-conviction court to conduct a hearing to determine whether the petitioner had knowingly and intelligently waived his right to counsel. Following a hearing on September 28, 2015, at which the petitioner waived his right to counsel,[2] the post-conviction court entered an order on September 30, 2015, granting the petitioner's motion to proceed *pro se* on appeal.

---

[2] The petitioner executed a written waiver of counsel on October 19, 2015.

On September 28, 2015, the petitioner filed a second petition for post-conviction relief, alleging that he received the ineffective assistance of counsel at the evidentiary hearing for his first petition for post-conviction relief. The post-conviction court entered a written order on November 10, 2015, denying the petition and concluding:

> This matter was heard and these issues were determined at a hearing [for the petitioner's first post-conviction petition] conducted on June 22, 2015. [The petitioner's] claims were denied as shown in the order filed on [July 1,] 2015. T.C.A. § 40-30-102 requires a petition for post-conviction relief to be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final or consideration of the petition shall be barred. T.C.A. § 40-30-102(c) also contemplates the filing of only one petition for post-conviction relief. The statute also provides that in no event may more than one petition for post-conviction relief be filed attacking a single judgment. This section also states that any second or subsequent petition shall be summarily dismissed if the first petition was resolved by hearing on the merits. The petitioner's Petition for Post-Conviction [R]elief filed on September 28, 2015, is time barred pursuant to T.C.A. § 40-30-102(a). This petition is also barred by the provisions of T.C.A. § 40-30-102(c). For the reasons stated above, the petition is denied. The petitioner has waived his right to an attorney in this case and it will be his responsibility to perfect any appeal.

Subsequently, proceeding *pro se*, the petitioner appealed the dismissal of both of his petitions for post-conviction relief.

## ANALYSIS

In this consolidated appeal, the petitioner argues that the post-conviction court should have conducted a hearing on his second petition for post-conviction relief because counsel who represented him on the first petition was ineffective. It does not appear that he continues his argument on appeal that he had ineffective counsel when he pled guilty to the indictment. The State counters that the petitioner's claim is without merit because there is no constitutional right to effective assistance of post-conviction counsel and the post-conviction court had already heard and determined the petitioner's previous petition attacking the same judgment on the merits. We agree with the State.

A petitioner does not have a constitutional right to the effective assistance of post-conviction counsel. See Frazier v. State, 303 S.W.3d 674, 680 (Tenn. 2010); Stokes v. State, 146 S.W.3d 56, 60 (Tenn. 2004); House v. State, 911 S.W.2d 705, 712 (Tenn.

3

1995). The right to counsel is statutorily based, found in Tennessee Code Annotated section § 40-30-107(b). "This statutory right, does not, however, serve as a basis for relief on a claim of ineffective assistance of counsel in a post-conviction proceeding and does not include 'the full panoply of procedural protection that the Constitution requires be given to defendants who are in a fundamentally different position -- at trial and on first appeal as of right.'" Frazier, 303 S.W.3d at 680 (citing House, 911 S.W.2d at 712). "All that due process requires in the post-conviction setting is that the defendant have 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" Stokes, 146 S.W.3d 56, 61 (Tenn. 2004) (quoting House, 911 S.W.2d 705, 711 (Tenn. 1995)). Specifically, a full and fair hearing only requires "the opportunity to present proof and argument on the petition for post-conviction relief." House, 911 S.W.2d 714.

As we have set out, the petitioner's post-conviction complaints began with his seeking to withdraw his plea of guilty. His second petition made the argument that he was denied effective assistance of counsel for his first filing, which was treated as a first petition for post-conviction relief. This court granted his motion to consolidate the two complaints under the number of his first filing. On appeal, he makes no mention of his original complaint, that he was denied effective assistance of counsel at the submission hearing but, instead, argues only that his first-tier post-conviction counsel was ineffective. Accordingly, we conclude he has abandoned his original request to withdraw his plea of guilty and, instead, wishes to proceed only upon the claim of ineffective assistance of counsel on his first petition. As set out first by the post-conviction court, and now this court, the petitioner does not have a right to effective assistance of post-conviction counsel. Accordingly, his claims presented both in his first and second petitions are without merit. We affirm the determinations of the post-conviction court's denying both of these petitions.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgments of the post-conviction court are affirmed.

_____
ALAN E. GLENN, JUDGE