IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2013

## JACK LAYNE BENSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 17446     Lee Russell, Judge**

———————————

**No. M2012-02041-CCA-R3-PC - Filed September 6, 2013**

———————————

Pro se petitioner, Jack Layne Benson, appeals the post-conviction court's denial of his second petition for post-conviction relief, which the court treated as a motion to reopen his first petition for post-conviction relief.  On appeal, the petitioner asserts that he received ineffective assistance of counsel during the first post-conviction petition, which prevented him from seeking permission to appeal to the Tennessee Supreme Court.  He also asserts that the post-conviction court improperly dismissed his petition without the benefit of an evidentiary hearing in violation of his due process rights.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Jack Layne Benson, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel, Assistant Attorney General; Victor S. (Torry) Johnson, III,  District Attorney General; and Richard Cawley, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In 1996, a Bedford County jury convicted the petitioner of first degree felony murder and especially aggravated robbery, for which he was sentenced to consecutive terms of life and twenty-four years.  On direct appeal, the petitioner challenged the imposition of consecutive sentencing. This Court affirmed the judgment of the trial court on August 15, 1998, and the Tennessee Supreme Court denied the petitioner's permission to appeal on

March 15, 1999. State v. Jack Layne Benson, No. 01C01-9707-CC-00283, 1998 WL 531873 (Tenn. Crim. App. Aug. 25, 1998), perm. app. denied, (Tenn. Mar. 15, 1999).

The petitioner filed a timely petition for post-conviction relief, asserting ineffective assistance of counsel at trial and on direct appeal. The post-conviction court held an evidentiary hearing and entered an order denying the petition. This Court affirmed the denial of post-conviction relief on August 2, 2000. Jack Layne Benson v. State, No. M1999-01649-CCA-R3-PC, 2000 WL 1130116 (Tenn. Crim. App. Aug. 2, 2000).

On July 6, 2012, the petitioner filed a second petition for post-conviction relief, alleging ineffective assistance of counsel during his previous post-conviction proceeding and a violation of due process. In his second petition, the petitioner asserted that he was prevented from pursuing a Rule 11 application for permission to appeal to the Tennessee Supreme Court pro se because his attorney failed to return the only copy of his trial transcripts, which was "a necessary tool to aid him in attacking his conviction." Based on these allegations, the petitioner contends that he is entitled to a delayed appeal.

On July 10, 2012, the post-conviction court entered an order summarily dismissing the petition. It treated the petition as a motion to reopen the first post-conviction petition and determined that it did not raise any issues that permit reopening under Tennessee Code Annotated section 40-30-102(c) (2013). The order also noted that this Court had advised the petitioner of his counsel's withdrawal and the time requirements for filing an application for permission to appeal to the Tennessee Supreme Court.

On July 17, 2012, the petitioner filed a "Notice of Appeal" of the trial court's order denying post-conviction relief pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure. The notice stated that petitioner was appealing the judgment of the post-conviction court, which denied his petition "without [the] benefit of [an] evidentiary hearing on July 10th, 2012."

## ANALYSIS

On appeal, the petitioner asserts that he was denied the opportunity to seek permission to appeal his original post-conviction petition to the Tennessee Supreme Court, which violated his due process rights. He maintains that he received ineffective assistance of counsel during his original post-conviction proceedings based on counsel's failure to return his trial transcripts, which prevented him from perfecting a Rule 11 appeal pro se. He further asserts that the post-conviction court's summary dismissal of his petition without an evidentiary hearing violated his due process rights. In response, the State contends that the court properly treated the second petition as a motion to reopen the first petition for post-

conviction relief and that the petitioner's appeal to this Court should be dismissed because the petitioner failed to comply with the procedural requirements to raise such an appeal. Additionally, the State argues that the post-conviction court properly denied the motion because the petitioner has failed to raise any issues that permit reopening. Finally, the State asserts that petitioner is not entitled to a delayed appeal from a denial of a petition for post-conviction relief under the statute, and therefore, summary dismissal was appropriate. We agree with the State that the post-conviction court properly denied the petition.

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)). Construing the petitioner's filing in this case leniently, we can interpret it as either (1) a motion to reopen the first petition for post-conviction relief, or (2) a second petition for post-conviction relief. Under either interpretation, we conclude that the petitioner is not entitled to relief.

First, construing the petitioner's filing as a motion to reopen the original petition for post-conviction relief, we agree with the State that the petitioner did not follow the statutory requirements to appeal the post-conviction court's denial of the motion. Tennessee Code Annotated section 40-30-117(c) governs an appeal from the denial of a motion to reopen:

> If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.

Tenn. Code Ann. § 40-30-117(c). The Tennessee Supreme Court has summarized the requirements of the statute, stating that it "outlines four requirements of an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application." Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002). Although the petitioner filed a document entitled "Notice of Appeal" pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure, a notice of appeal may be treated as an application for permission to appeal as long as it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal." Id. at 691. This generally requires the application to include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. (citing Tenn. R. App. P. 9(d), 10(c), 11(b)). When the petitioner fails to follow the statutory requirements seeking review of a denial of a motion to reopen, this Court is without jurisdiction to consider the appeal. Mario Gates v. State, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn.

Crim. App., at Jackson, Dec. 31, 2003) (citing John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at *1 (Tenn. Crim. App., at Jackson, Mar. 23, 2000), perm. app. denied, (Tenn. Oct. 16, 2000)).

Here, the petitioner's notice of appeal cannot be treated as an application for permission to appeal. Although the notice complies with the requirements that an application for permission to appeal be filed in this Court within thirty days and state the date and judgment from which it seeks review, it does not comply with the other requirements. The notice does not state the issues for review or the reasons why the petitioner deserves relief. The notice simply states that the petition was "denied without [the] benefit of [an] evidentiary hearing." Such a statement fails to provide "sufficient substance that it may be effectively treated as an application for permission to appeal." Graham, 90 S.W.3d at 691. We, therefore, conclude that the petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen, and we lack jurisdiction to review the appeal.

Furthermore, even if the petitioner had properly appealed the denial of his motion to reopen, the post-conviction court correctly denied the motion because the allegations in the petition do not fall within the limited circumstances for reopening a first post-conviction petition. Tennessee Code Annotated section 40-30-117(a) allows a petitioner to file a motion to reopen a post-conviction petition only when:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Tenn. Code Ann. § 40-30-117(a). None of these grounds for reopening the petition for post-conviction relief are applicable here. Indeed, the petitioner even concedes that he does not satisfy the permissible grounds to reopen the petition. Therefore, the post-conviction court properly denied the petitioner's motion to reopen.

Second, construing the petitioner's filing as a petition for post-conviction relief, we conclude that the post-conviction court properly denied the petition without an evidentiary hearing.

The Post-Conviction Procedure Act of 1995 requires that a post-conviction petition be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. Tenn. Code Ann. § 40-30-102(a). The statute stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. Section 40-30-102(b) sets out limited circumstances where late filings may be considered:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b). Additionally, due process concerns may toll the statute of limitations for seeking post-conviction relief. The Tennessee Supreme Court has stated:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)). However, the Post-Conviction Procedure Act of 1995 "contemplates the filing of only one (1) petition for post-conviction relief," and states that "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. § 40-30-102(c).

Here, the petitioner filed his second post-conviction petition on July 6, 2012, approximately thirteen years after the Tennessee Supreme Court denied review on direct appeal. The petition is untimely by twelve years, and alleges none of the grounds under section 40-30-102(b) that would allow consideration of the petition despite the late filing. Additionally, this Court advised the petitioner of his counsel's withdrawal and the time requirements for filing a Rule 11 application to the Tennessee Supreme Court, yet the petitioner still failed to meet the requirements. Cf. Williams v. State, 44 S.W.3d 464 (Tenn. 2001) (holding that due process concerns may toll the statute of limitations where attorney misrepresentations prevented the petitioner from filing an application for permission to appeal to the Tennessee Supreme Court on direct appeal).

The petitioner asserts that he is entitled to a delayed appeal due to ineffective assistance of counsel during his original post-conviction proceeding, which prevented him from perfecting a Rule 11 application for permission to appeal to the Tennessee Supreme Court. However, even if we take petitioner's claim as true, considered in the light most favorable to the petitioner, Tenn. Sup. Ct. R. 28, § 2(H), the petitioner is not entitled to relief. Although Tennessee has established a statutory right to post-conviction counsel, Tenn. Code Ann. § 40-20-107(b)(1) (2013), Tennessee courts have long held that there is no right to *effective* assistance of post-conviction counsel. See Stokes v. State, 146 S.W.3d 56, 60 (Tenn. 2004) ("[B]ecause there is no constitutional right to counsel in post-conviction proceedings . . . 'there is no constitutional right to effective assistance of counsel in post-conviction proceedings.'") (quoting House v. State, 911 S.W.3d 705, 712 (Tenn. 1995)). As such, a claim of ineffective assistance of post-conviction counsel "cannot provide an excuse for a defendant's failure to timely file a Rule 11 application." Stokes, 146 S.W.3d at 60. Under these circumstances, the petitioner is not entitled to relief.

The petitioner further contends that the post-conviction court improperly dismissed his petition without an evidentiary hearing in violation of his due process rights. However, in the post-conviction setting, all that is required by due process "is the opportunity to be heard at a meaningful time and in a meaningful manner." Id. at 61 (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). In the present case, the petitioner was afforded an evidentiary hearing by the trial court and first-tier review by this Court for his first petition for post-conviction relief. Because his prior petition was resolved on the merits by a court of competent jurisdiction, summary dismissal of the second petition was appropriate. See Tenn. Code Ann. § 40-30-102(c). Accordingly, the petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE