IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2016

**RUSSELL FREELS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Washington County**
**No. 40498     Paul G. Summers, Sr., Judge**

_____

**No. E2016-00021-CCA-R3-PC-FILED-JULY 12, 2016**

_____

The Petitioner, Russell Freels, appeals the Washington County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred in dismissing his ineffective assistance of trial counsel claim as having been untimely filed. He argues for the first time on appeal that he is constitutionally entitled to effective assistance of post-conviction counsel in his first petition for relief and that due process requires tolling of the statute of limitations. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Robert L. Sirianni, Jr., Winter Park, Florida, for the Petitioner, Russell Freels.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Anthony Wade Clark, District Attorney General; and Kenneth C. Baldwin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On April 13, 1995, the trial court entered judgments of conviction against the Petitioner after he pled guilty to first degree murder and conspiracy to commit first degree murder. His sentences were aligned concurrently, for a total effective sentence of life imprisonment without parole, and no direct appeal was filed. Nearly ten years later on March 17, 2015, the Petitioner filed a post-conviction petition alleging, inter alia, that he received ineffective assistance of trial counsel. Though no prior post-conviction petition had been filed, the Petitioner styled his claims as a petition to reopen post-conviction proceedings, contending that he would have advanced numerous errors made

by trial counsel had he been appointed post-conviction counsel in his previous proceedings. In addition, he argued that that the limitations period for his petition to reopen was tolled because <u>Sutton v. Carpenter</u>, 745 F. 3d 787 (6th Cir. 2014), which he interprets as establishing a constitutional right to effective assistance of post-conviction counsel, was not released until after the time limit for filing the petition had expired. <u>See</u> T.C.A. § 40-30-117(a)(1).

On December 3, 2015, the post-conviction court filed a written order dismissing the post-conviction petition as time-barred. In its written order, the court determined that the March 17, 2015 petition was the first post-conviction petition filed by the Petitioner, rather than a petition to reopen prior post-conviction claims, noting "[the] [P]etitioner cannot reopen a post-conviction petition that was never filed." Furthermore, the court found that the Petitioner failed to identify a previously unrecognized constitutional right that would except his ineffective assistance of trial counsel claim from the one-year statute of limitations for a first petition for post-conviction relief. T.C.A. § 40-30-102(b)(1). The Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that, given the "critical importance of post-conviction proceedings," he is constitutionally entitled to the effective assistance of post-conviction counsel in his first petition alleging ineffective assistance of trial counsel. He further maintains that due process requires tolling of the limitations period for his ineffective assistance of trial counsel claim. The State responds that the post-conviction court properly dismissed the Petitioner's claims as time-barred and that the Petitioner waived the issues raised on appeal by failing to raise them in his petition.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. <u>Id.</u> § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." <u>Id.</u> Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." <u>Id.</u> If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must

summarily dismiss the petition.  Id. § 40-30-106(b).  "If, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition."  Id. § 40-30-109(a) (2006).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief:  (1) claims based on a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid.  Id. §§ 40-30-102(b)(1)-(3),  -117(a)(1)-(3)  (establishing  the  same  requirements  for reopening a post-conviction petition).  In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances.  See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013); Burford v. State, 845 S.W.2d 204, 108 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.")  (citing Long v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)).

In the case at bar, it is undisputed that the Petitioner filed his petition well outside the one-year limitations period.  In his petition, he initially averred that he had a right to effectively toll the statute of limitations for post-conviction relief based on the holding in Sutton.  In Sutton, the Sixth Circuit held that a petitioner filing a federal habeas corpus petition is not procedurally barred from raising a claim of ineffective assistance of trial counsel when post-conviction counsel was ineffective for not raising the claim and the state procedural law made it unlikely for the Petitioner to raise the claim on direct appeal.  Sutton, 745 F.3d at 795-96 ("[I]neffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial.").  The Petitioner argued that Sutton created a new constitutional right to effective assistance of post-conviction counsel, thereby tolling the applicable limitations period and allowing him to reopen the claims purportedly raised in his previous post-conviction petition.  See T.C.A. § 40-30-117(a)(1).

First, we note that the holding of Sutton is not applicable to the case at bar.  As correctly established by the post-conviction court, the Petitioner's March 17, 2015 petition was the Petitioner's first and only petition for post-conviction relief.  Therefore, the Petitioner is precluded from arguing under Sutton that he procedurally defaulted due to the ineffective assistance of post-conviction counsel in a prior petition for relief, thereby tolling the statute of limitations.  Furthermore, this court has flatly rejected the proposition that Sutton and its predecessor cases established a constitutional right to effective assistance of post-conviction counsel.  See David Edward Niles v. State, No.

-3-

M2014-00147-CCA-R3- PC, 2015 WL 3453946, at *6-7 (Tenn. Crim. App. June 1, 2015), perm. app. denied (Tenn. Sept. 17, 2015); Michael V. Morris v. State, No. M2015-01113-CCA-R3-ECN, 2015 WL 9487829, at *2 (Tenn. Crim. App. Dec. 29, 2015) (memorandum opinion); Demarcus Keyon Cole v. State of Tennessee, No. W2015-01901-CCA-R3-PC, 2016 WL 2859196 (Tenn. Crim. App. May 11, 2016). Thus, the Petitioner would not be excepted from the statute of limitations for post-conviction claims on the basis that a constitutional right was established after the limitations period had run. See T.C.A. § § 40-30-102(b)(1). Finding no other exception applicable, we conclude that the post-conviction court correctly dismissed the claims asserted in the Petitioner's post-conviction petition as time-barred.

On appeal, the Petitioner abandons his original arguments and concedes that "there is no constitutional entitlement to the effective assistance of counsel in a post-conviction proceeding." Frazier v. State, 303 S.W.3d 674, 680 (Tenn. 2010) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)). Nevertheless, citing Martinez v. Ryan, -- U.S. -- , 132 S. Ct. 1309 (2012), he asserts that the state and federal constitutions should be construed to "provide a right to post-conviction counsel to petitioners['] alleging ineffective assistance of trial counsel in a first petition for post-conviction relief." He further contends that the one-year statute of limitations for post-conviction claims should be abandoned or, alternatively, tolled on due process grounds, for petitioners' asserting claims of ineffective assistance of trial counsel. The State responds that the Petitioner failed to raise the issues asserted on appeal in his petition for post-conviction relief and consideration of the issues is therefore waived. We agree. The issues raised on appeal specifically relate to claims raised in a first petition for post-conviction relief; whereas, the original arguments contained in the post-conviction petition were predicated on the Petitioner's incorrect classification of his petition as one to reopen prior proceedings. The post-conviction court did not address the arguments raised on appeal and, accordingly, the issues are waived. See Nix v. State, 40 S.W.3d 459, 464 (Tenn. 2001) ("[I]t is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal."); State v. Johnson, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."); see also Konstantinos Diotis v. State, No. W2011-00816-CCA-R3-PC, 2011 WL 5829580, at *2 (Tenn. Crim. App. Nov. 11, 2011) (holding that the petitioner waived consideration of his due process tolling claim by presenting it for the first time on appeal).

Waiver notwithstanding, the Petitioner's arguments are without merit. It is well-established that a petitioner does not have a constitutional right to the effective assistance of post-conviction counsel. Frazier, 303 S.W.3d at 680; Stokes v. State, 146 S.W.3d 56,

60 (Tenn. 2004). There is, however, a statutory right to post-conviction counsel in Tennessee, see T.C.A. § 40-30-107(b), and the justification for this statutory right "is to afford a petitioner the full and fair consideration of all possible grounds for relief." Frazier, 303 S.W.3d at 680. In furtherance of this purpose, our supreme court requires a minimum standard of service for all post-conviction counsel. Id.; see Tenn. Sup. Ct. R. 28 § 6(C)(2)-(4). "This statutory right, does not, however, serve as a basis for relief on a claim of ineffective assistance of counsel in a post-conviction proceeding and does not include 'the full panoply of procedural protection that the Constitution requires be given to defendants who are in a fundamentally different position -- at trial and on first appeal as of right.'" Frazier, 303 S.W.3d at 680 (citing House v. State, 911 S.W.2d 705, 712 (Tenn. 1995)). This court has declined to establish a right to effective assistance of post-conviction counsel beyond the minimum requirements of due process covered by statute simply because the Petitioner is alleging ineffective assistance by trial counsel. See Michael V. Morris, 2015 WL 9487829, at *2; David Edward Niles, 2015 WL 3452946, at *6-7. Moreover, though we acknowledge that due process may require tolling the statute of limitations under certain circumstances, we note that a post-conviction petitioner is entitled to tolling only upon a showing "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing Whitehead, 402 S.W.3d at 631). Importantly, due process tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Whitehead, 402 S.W.3d at 631-32). Here, the circumstances do not warrant tolling on due process grounds, as the Petitioner fails to articulate any legitimate explanation for the nearly ten-year delay in filing his first post-conviction petition. Accordingly, he is not entitled to relief.

## CONCLUSION

Discerning no error, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE

-5-