IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 28, 2018

**SHAWN SIMMONS v. RANDY LEE, WARDEN**

**Appeal from the Circuit Court for Lincoln County**
**No. S1100100          Forest A. Durard, Jr., Judge**

_____

**No. M2018-00150-CCA-R3-PC**
_____

The Petitioner, Shawn Simmons, appeals the Lincoln County Circuit Court's denial of his request for a delayed appeal. Having construed the Petitioner's pleading as a motion to reopen his first post-conviction petition, we dismiss this appeal for lack of jurisdiction because the Petitioner failed to comply with the statutory requirements governing an appeal from the denial of a motion to reopen.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Shawn Simmons, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Robert J. Carter, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At trial, a Lincoln County jury convicted the Petitioner of first degree premeditated murder. State v. Shawn Simmons, No. M2009-01362-CCA-R3-CD, 2010 WL 3719167, at *1 (Tenn. Crim. App. Sept. 23, 2010), perm. app. denied (Tenn. Feb. 17, 2011). The Petitioner filed a direct appeal, arguing that (1) the evidence was insufficient to sustain his conviction, (2) the trial court erred by instructing the jury on flight, and (3) the trial court improperly allowed the State to impeach the Petitioner with convictions more than ten years old in violation of Tennessee Rule of Evidence 609. Id. On appeal, this court affirmed the Petitioner's conviction, and the Tennessee Supreme Court denied permission to appeal. Id.

Next, the Petitioner filed a post-conviction petition, alleging that trial counsel provided ineffective assistance by (1) replacing his original counsel; (2) inadequately preparing and investigating his case; (3) failing to request a sequestered jury; (4) failing to file a motion to suppress; (5) failing to question a witness about the petitioner's carrying a weapon prior to the shooting; (6) failing to object to certain evidence; (7) failing to supplement the record; and (8) failing to raise the issue of "publicity" on appeal. Shawn Simmons v. State, No. M2012-00987-CCA-R3-PC, 2013 WL 1225857, at *1-2 (Tenn. Crim. App. Mar. 27, 2013), perm. app. denied (Tenn. Sept. 19, 2013). After the post-conviction court denied relief, this court affirmed the post-conviction court's judgment, and the Tennessee Supreme Court denied permission to appeal. Id. at *1.

Thereafter, the Petitioner filed a pro se writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under his judgment of conviction for first degree premeditated murder. Shawn Simmons v. Cherry Lindamood, No. 4:14-CV-27-TWP-SKL, 2017 WL 4228758, at *1 (E.D. Tenn. Sept. 22, 2017). The Petitioner argued that trial counsel provided ineffective assistance by failing to call a witness, by replacing original counsel, by failing to sequester the jury, by failing to object to certain evidence, and by failing to file a motion to suppress. Id. at *3-7. The Petitioner also asserted that the "highly circumstantial" evidence presented at trial was insufficient to sustain his conviction and that he was denied a fair trial when the trial court issued an instruction on flight. Id. at *7-9. In a memorandum opinion, the district court held that no evidentiary hearing was warranted, that the Petitioner's section 2254 petition was denied, and that the action was dismissed. Id. at *1.

On November 16, 2017, the Petitioner filed a document entitled "Request for a Delayed Appeal," alleging that he had been denied direct appellate review of the sufficiency of the evidence supporting his conviction for first degree murder. Specifically, he claimed that "the State ha[d] changed the facts on appeal" by asserting that the Petitioner told the victim he had disrespected his family for the last time when the evidence presented at trial showed that it was the victim who told the Petitioner he had disrespected his family for the last time.

On January 4, 2018, the post-conviction court signed an order summarily dismissing the petition. In it, the court made the following findings of fact and conclusions of law, in pertinent part:

> In the instant matter, [the P]etitioner has had his day in court with the post[-]conviction issue. The same was denied by the post[-]conviction court, upheld by the appellate court[,] and the T.R.A.P. 11 application was denied. Further, there is no reason the court can see and none advanced by

the [P]etitioner why he could not have presented this claim at the original post[-]conviction proceedings or even on direct appeal for that matter.

Even a review under T.C.A. 40-30-117[, which allows a petitioner to file a motion to reopen the first post-conviction petition,] provides no benefit to the [P]etitioner. There is no claim the [P]etitioner was caught in a "procedural trap[,"] no later[-]arising claim, no evidence of his incompetency or attorney misconduct.

This order was entered on January 9, 2018.

On January 19, 2018, the Petitioner filed a document entitled "Notice of Appeal," wherein he asserted the following:

Notice is hereby given that the appellant, Shawn Simmons, Pro Se, pursuant to Tenn. R. App. P., rule 3, [is] requesting to appeal [the] order denying his petition for a delayed appeal. The Circuit Court for Lincoln County, Tennessee, 17th Judicial District, issued [an] order denying appellant [a] petition for a delayed appeal on January 4, 2018.

The above notice was not accompanied by any pleadings filed by the parties or any orders entered by the post-conviction court.

## ANALYSIS

The Petitioner contends that the post-conviction court should have granted him a delayed appeal because he was denied direct appellate review regarding the sufficiency of the evidence supporting his conviction for first degree premeditated murder. Specifically, he claims "the State . . . changed the facts on appeal" by asserting that the Petitioner told the victim he had disrespected his family for the last time when the evidence presented at trial showed that it was the victim who told the Petitioner he had disrespected his family for the last time. The Petitioner, who did not include his trial transcript in the appellate record, maintains that this one unconfirmed discrepancy makes the evidence insufficient to sustain his conviction, despite this court's conclusion on direct appeal that the proof of the Petitioner's guilt was "overwhelming" in light of the evidence connecting him to the victim's murder and the presence of several circumstances creating an inference of premeditation. Shawn Simmons, 2010 WL 3719167, at *2-4, *6.

Here, the Petitioner filed both a direct appeal and a post-conviction petition prior to filing his "Request for a Delayed Appeal." The Post-Conviction Procedure Act allows

for a delayed appeal when a petitioner has been "denied the right to an appeal from the original conviction." T.C.A. § 40-30-113(a). While the right to a delayed appeal was established by the Post-Conviction Procedure Act, see id., the procedure for implementing this right was provided in Supreme Court Rule 28, § 9(D). State v. Evans, 108 S.W.3d 231, 235-36 (Tenn. 2003). Specifically, Supreme Court Rule 28, § 9(D) permits either a trial court or the Court of Criminal Appeals to grant a delayed appeal as post-conviction relief when the petitioner, through no fault or his or her own, was denied the right to file a direct appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Stokes v. State, 146 S.W.3d 56, 59 (Tenn. 2004).

However, the Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief" and states that "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). Because the Petitioner had filed both a direct appeal and a post-conviction petition, his only opportunity for relief in this court, based on the aforementioned grounds, was pursuant to a motion to reopen his first post-conviction petition. See T.C.A. § 40-30-117.

A petitioner has no appeal as of right from the trial court's denial of a motion to reopen a post-conviction petition under Tennessee Rule of Appellate Procedure 3(b). Fletcher v. State, 951 S.W.2d 378, 382 (Tenn. 1997). Instead, "an appeal from the denial of a motion to reopen is a discretionary appeal[.]" Id. When a motion to reopen the first post-conviction petition is denied, a petitioner has thirty days to file an application for permission to appeal in this court, and this application must be accompanied by copies of all documents filed by the parties in the trial court as well as the trial court's order denying the motion. T.C.A. § 40-30-117(c); Tenn. S. Ct. R. 28, § 10(B). The Tennessee Supreme Court, reviewing the requirements of Code section 40-30-117(c), held that it "outlines four requirements of an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application." Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002). The court also explained that in order for a pleading entitled "Notice of Appeal" to be treated as an application for permission to appeal, the pleading "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. at 691. As relevant here, when a petitioner fails to follow the statutory requirements to appeal the denial of a motion to reopen a post-conviction petition, this court lacks jurisdiction to review the appeal. Curtis Wren v. State, No. W2017-00500-CCA-R3-PC, 2017 WL 4331054, at *3 (Tenn. Crim. App. Sept. 28, 2017), perm. app. denied (Tenn. Dec. 8, 2017); Matthew Dixon v. State, No. W2015-00130-CCA-R3-PC, 2015 WL 6166604, at *5 (Tenn. Crim. App. Oct. 21, 2015) (citing Mario Gates v. State, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App. Dec. 31, 2003)).

Here, the Petitioner filed his "Notice of Appeal" in this court on January 19, 2018. A notice of appeal may be construed as an application for permission to appeal only if the notice "contain[s] sufficient substance and information to constitute a proper application for permission to appeal with sufficient documentation[.]" Graham, 90 S.W.3d at 691. While the notice in this case was timely and provided the entry date and judgment from which the Petitioner sought review, it failed to state the issues for review and failed to explain why this court should grant review. See id. In addition, the notice was not accompanied by the required documents. See T.C.A. § 40-30-117(c). Consequently, the notice of appeal in this case fails to satisfy the requirements for an application for permission to appeal. Instead, in both form and substance, this document is a notice of appeal pursuant to Rule 3(b). Because the Petitioner failed to properly seek review of the post-conviction court's denial of his motion to reopen, we lack jurisdiction to consider this appeal.

## CONCLUSION

Because the court lacks jurisdiction to review this appeal, it is dismissed.

_____
CAMILLE R. MCMULLEN, JUDGE