IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 25, 2019 Session

## MARIO HERNANDEZ CASTILLO v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Grainger County**
No. 7855     O. Duane Slone, Judge
_____

### No. E2018-00748-CCA-R3-PC
_____

Petitioner, Mario Hernandez Castillo, appeals the denial of his petition for post-conviction relief in which he challenged his convictions for first degree premeditated murder, felony murder, especially aggravated robbery, and theft of property valued at less than $500, for which he received an effective sentence of life imprisonment.  On appeal, Petitioner contends that he is entitled to a new post-conviction hearing based upon the unconstitutional delay in the post-conviction proceedings and the inadequacy of interpreter services.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Brennan M. Wingerter (on appeal), Knoxville, Tennessee, and Derreck Whitson (at hearing), Newport, Tennessee, for the appellant, Mario Hernandez Castillo.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Joann Sheldon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual and Procedural History*

Petitioner's convictions stem from his shooting, killing, and robbing the victim, Jackie Petitt, at the victim's home in January 2000.  *See State v. Mario Hernandez Castillo*, No. E2003-01250-CCA-R3-CD, 2004 WL 1149497, at *1-3 (Tenn. Crim. App. May 21, 2004).  The shooting was captured on the victim's video surveillance system,

and the recording was presented at trial. *Id.* at *3. Petitioner presented a claim of self-defense, which the jury rejected, and the jury convicted Petitioner of first degree premeditated murder, felony murder, especially aggravated robbery, and theft of property valued at less than $500. The trial court merged the murder convictions and imposed an effective sentence of life imprisonment. Petitioner raised multiple issues on direct appeal, including a claim that the State failed to prove beyond a reasonable doubt that he did not act in self-defense. *Id.* at *9. On direct appeal, this court ordered the theft conviction to be merged into the conviction for especially aggravated robbery, and this court otherwise affirmed the judgments. *Id.* at *12.

Petitioner filed a pro se petition for post-conviction relief in August 2005, raising claims of ineffective assistance of counsel, a double jeopardy violation, and the unconstitutional selection of the grand jury. The proceedings were delayed until January 2006 because the trial court clerk's office inadvertently assigned the case to the wrong judge. The appellate record does not include a preliminary order from the post-conviction court finding that Petitioner established a colorable claim and appointing counsel to represent him, but it includes multiple letters from Petitioner's initial post-conviction counsel ("first counsel") to Petitioner, informing him that the evidentiary hearing had been continued.

We have ascertained from the appellate record the following timeline of events:

- **February 2, 2006.** First counsel sent a letter to Petitioner, informing him that counsel had prepared an amended petition and that the hearing was scheduled for September 7. The post-conviction court subsequently entered an order appointing an interpreter for Petitioner.
- **April 17, 2006.** Petitioner's amended petition, raising essentially the same issues raised in his pro se petition, was filed.
- **September 7, 2006.** The hearing was scheduled for this date, but the hearing was continued. The appellate record does not include a motion to continue or an order continuing the hearing. A letter from first counsel to Petitioner stated that the hearing was reset "[d]ue to delays in subpoenas being served." Heather Hayes, who served as Petitioner's interpreter at trial and who was subpoenaed as a witness for the post-conviction hearing, wrote a letter to the governor complaining about the delay in the service of the subpoenas.
- **December 4, 2006, and April 16, 2007.** The hearing was scheduled for these dates but was continued. The appellate record does not include motions to continue or orders continuing the hearing. According to letters from first counsel to Petitioner, the hearings were reset because the prosecutor believed that some of the issues raised could be resolved and he needed additional time to review the case.

- **September 6 or 9, 2007.** First counsel informed Petitioner through a letter that his hearing was scheduled for this date, and subpoenas were issued for a hearing on September 6. There is no other information in the appellate record regarding this hearing date.
- **February 5, 2008.** First counsel sent a letter to Petitioner that the hearing had been reset to May 22, 2008.
- **May 22, 2008.** The hearing was scheduled for this date. Subpoenas were issued and served, and the post-conviction court entered orders appointing an interpreter for Petitioner and requiring the sheriff's department to transport Petitioner from prison to attend the hearing. However, the appellate record does not include any pleadings, orders, or other information regarding the continuance of this hearing.
- **September 4, 2008.** The hearing was schedule for this date, but an agreed order was entered continuing the case to October 20 due to the unavailability of first counsel for the September 4 hearing. However, first counsel sent a letter to Petitioner stating that the hearing was continued due to difficulties in obtaining a copy of the trial transcript.
- **October 20, 2008.** The hearing was scheduled for this date, but first counsel filed a motion to continue, stating that Petitioner's interpreter was unavailable for the hearing. The post-conviction court entered an order, granting the motion and resetting the hearing for December 8.
- **December 8, 2008.** The hearing was scheduled for this date, but the appellate record does not include any information as to why the hearing was not held.
- **February 2, 2009.** Subpoenas were issued and served to witnesses for a hearing on this date. According to a letter from first counsel to Petitioner, the hearing was reset to September 14 "due to issues obtaining the trial record from the Court of Criminal Appeals." The appellate record does not include a motion to continue or a corresponding order from the post-conviction court.
- **September 14, 2009.** While the hearing was scheduled for this date, there is no information in the appellate record regarding the reason that the hearing was not held.
- **October 15, 2010.** Petitioner filed an amended pro se petition for post-conviction relief. Petitioner stated that he had not been in contact with first counsel since counsel wrote a letter informing him that his hearing was scheduled for September 14, 2009. While Petitioner stated that the date of the letter was July 14, 2008, the record reflects that the letter was dated February 5, 2009. Petitioner noted that the State failed to file a response to his petition and the first amended petition. Petitioner raised additional claims of ineffective assistance of counsel, as well as numerous stand-alone claims alleging errors by the trial court. He requested that first counsel be removed and new counsel be appointed to represent him. He also maintained that the four-year delay in the post-conviction proceedings was prejudicial, constituted an "abuse of law," and violated his right to access to the

courts. The appellate record does not include any response from first counsel or the State or any action taken by the post-conviction court on this petition.

- **November 10, 2010.** Petitioner filed a pro se "Notice of Filing of Docket" in which he stated that he had not been in contact with first counsel for more than two years and requested that first counsel be removed and new counsel be appointed. The appellate record does not include any response from first counsel or the State or any action taken by the post-conviction court on this petition.

- **December 1, 2010.** Petitioner filed a pro se petition for writ of mandamus, complaining about first counsel's inaction. He maintained that the delay in the post-conviction proceedings was excessive and violated multiple constitutional rights and Tennessee statutory law. While the pleading was addressed to the chancery court, the pleading was filed by the circuit court clerk under the case number assigned for the post-conviction action. The appellate record does not include any response from first counsel or the State or any action taken by the post-conviction court on this pleading.

- **January 21, 2011.** Petitioner filed a pro se motion requesting leave to file a federal habeas corpus petition without exhausting his State court remedies. While the motion was addressed to the federal district court, it was filed by the circuit court clerk under the case number assigned for the post-conviction action. Petitioner again complained about the excessive delay and first counsel's failure to communicate.

- **March 11, 2011.** The State filed an "Answer to Amended Petition," in which it made a general denial of Petitioner's claims. The certificate of service provided that the answer was sent to Petitioner and his new post-conviction counsel ("second counsel"). The appellate record does not include an order removing first counsel and appointing second counsel.

- **April 25 and October 24, 2011.** The post-conviction court entered orders requiring that Petitioner be transported for hearings scheduled for April 25 and October 24. However, there is no other information in the appellate record about the hearings or the reason they were continued.

- **January 30, 2012.** A hearing was scheduled for this date, but an agreed order was entered continuing the hearing scheduled from "June 30, 2012," and setting a status hearing for June 18, 2012, and an evidentiary hearing for December 3, 2012.

- **June 18, 2012.** A status hearing was set for this date, but the record does not reflect the result of the hearing.

- **December 3, 2012.** An evidentiary hearing was scheduled for this date. However, an agreed order was entered continuing the hearing until June 17, 2013.

- **June 17, 2013.** A hearing was scheduled for this date, and neither a motion to continue the hearing nor an order granting a continuance are included in the appellate record. The post-conviction court entered an order rescinding a prior order of transport because the hearing had been continued.

- **July 5, 2013.** An order, which had been signed by the post-conviction court on June 25, was filed, requiring that Petitioner be transported from prison for a hearing scheduled for August 15 and 16 of 2013. The order required that Petitioner be transported seven days prior to the hearing in order to assist second counsel in preparing the case.
- **July 16, 2013.** The State filed its response to Petitioner's motion for discovery. Petitioner's motion is not included in the appellate record.

Second counsel filed a motion to continue the hearing scheduled for August 15 and 16 of 2013, stating that although the post-conviction court ordered that Petitioner be transported to the local jail seven days prior to the evidentiary hearing, Petitioner was not transported until August 13, two days prior to the hearing. The motion stated that second counsel had arranged for an interpreter to meet with second counsel and Petitioner on August 8 at the jail but had to cancel the meeting because Petitioner was not transported as ordered.

During the August 15, 2013 hearing, second counsel informed the post-conviction court that he had first met with Petitioner and an interpreter "face to face" the previous day and that after speaking to Petitioner, second counsel's "perception in how to proceed has changed." Second counsel stated that he had not had the opportunity to show the video recordings of the shooting to Petitioner and that he needed to view them with Petitioner so that Petitioner could explain the events to him. Second counsel stated that he and an interpreter had a telephone conference with Petitioner in February and that "you have the legal issues and trying to get those legal issues with the translation issue together is very difficult." He also stated that meetings had been difficult to arrange and noted that the interpreter did not live in the area. He noted that the State did not provide him with discovery until June of 2013 and that after meeting with Petitioner, it was possible that an amended post-conviction petition would need to be filed. The post-conviction court recessed for more than three hours to allow second counsel and the interpreter to meet with Petitioner.

Following the recess, second counsel reported that he needed additional time to review the evidence with Petitioner, and the post-conviction court recessed for an additional three hours. Following the second recess, second counsel affirmed that he was ready to proceed with the hearing. The post-conviction court questioned Petitioner about whether he wanted to move forward with the hearing, and Petitioner responded that he was "eager" to proceed and that if another extension would not be granted, he was willing to proceed with the hearing. Petitioner stated that he would like additional time because he left his "papers" at the jail, he had not had many meetings with second counsel, and he would like to conduct research. The post-conviction court stated that it would move forward with the hearing but would entertain a continuance for any additional matters.

Second counsel informed the post-conviction court that the only issue was whether trial counsel was ineffective in failing to adequately investigate Petitioner's claim of self-defense and advance the defense in an effective manner. Second counsel agreed that all other issues previously raised were waived. The post-conviction court and second counsel discussed the claims of a double jeopardy violation and the impaneling of the grand jury that had been raised in the original and an amended petition, and second counsel affirmed that the two issues were withdrawn. The post-conviction court clarified as follows:

> THE COURT: Any other issue raised in any petition or subsequent amended are—
>
> [SECOND COUNSEL]: Waived.
>
> THE COURT: --withdrawn and waived?
>
> [SECOND COUNSEL]: Yes, Your Honor.
>
> [PROSECUTOR]: So that includes the defendant's October 15th, 2010 amendment to post conviction as well.
>
> THE COURT: Talking about his own written motion petition?
>
> [PROSECUTOR]: His own written. Because he had done one that was just—it had 13, 14 issues or something in it.
>
> [SECOND COUNSEL]: He did that on his own—
>
> ….
>
> THE COURT: My question to [Petitioner] and [second counsel] is that all issues raised in any petition for post conviction relief or amendment to any petition for post conviction relief, whether filed by [second counsel] or [Petitioner], or any issues raised in any reported habeas corpus petitions are withdrawn and waived?
>
> [PETITIONER through an interpreter]: If he's going to be the one who's representing me here, I think he's going to do something that will benefit me.

….

> [SECOND COUNSEL]: Your Honor, we—that is the issue as I have looked through this that I can frame.
>
> [THE COURT]: So all other issues are withdrawn?
>
> [SECOND COUNSEL]: Yes, Your Honor.

Petitioner and trial counsel testified regarding Petitioner's claim of ineffective assistance of counsel for failing to adequately investigate and present the defense of self-defense at trial. At the conclusion of the hearing, the post-conviction court made oral findings, denying Petitioner's claim. The court gave Petitioner additional time to file an amended petition to raise any additional issues and set a time frame for Petitioner to do so. The post-conviction court entered an "Interim Order" the following day.

On August 22, 2013, Petitioner, through counsel, filed a motion to amend his post-conviction petition to include a claim that trial counsel was ineffective in failing to have Petitioner evaluated for his ability to stand trial. At the beginning of the hearing on September 17, 2013, the post-conviction court swore in the interpreters and questioned them about their ability to understand and communicate with Petitioner. Petitioner stated that he spoke Spanish but that his dialect was of "the Aztec language in Mexico." Both interpreters indicated that they were not familiar with this language and asked for an opportunity to speak with Petitioner. The post-conviction court granted a recess to allow them to speak with Petitioner. Following the recess, both interpreters affirmed that they could understand Petitioner and that Petitioner could understand them. One interpreter stated that Petitioner "asked us to be as slow as we can" and that he would let them know if he had any questions. During the hearing, trial counsel and Petitioner testified regarding Petitioner's claim of ineffective assistance of counsel for failing to have him evaluated regarding his competency to stand trial. At the conclusion of the hearing, the post-conviction court made oral findings, rejecting Petitioner's claim.

The appellate record reflects that following the September 17, 2013 hearing, the following events occurred:

- **April 24, 2015.** The post-conviction court entered a one-page "Final Order," dismissing Petitioner's petition and adopting its oral findings at the hearing that occurred approximately one year and seven months prior to the order. The order was signed as approved for entry by the prosecutor and second counsel. However, second counsel did not file a motion to withdraw as counsel and did not file a notice of appeal.

- **December 11, 2017.** Petitioner filed a pro se motion seeking to ascertain the status of the post-conviction proceedings.
- **February 28, 2018.** An "Order of Dismissal," which was signed by the post-conviction court on February 1, was filed. The order stated that the court entered an order dismissing the petition in April 2015 and that "there is nothing pending before this Court."

On April 24, 2018, the Petitioner filed a pro se motion requesting that this court accept his late-filed notice of appeal, which this court granted on May 23, 2018. The appellate record was not filed until January 16, 2019, after the trial court clerk requested numerous extensions, made numerous defects in the preparation of the record, and failed to adhere to the deadlines set by this court. This court entered an order appointing appellate counsel to represent Petitioner, noting that Petitioner was apparently not provided a copy of the post-conviction court's April 24, 2015 order denying post-conviction relief and that second counsel abandoned Petitioner by failing to take any additional action after entry of the order by filing a notice of appeal in this court. This appeal was submitted to this court for a decision after completion of the briefs and oral arguments.

*Analysis*

On appeal, Petitioner does not challenge the post-conviction court's findings regarding Petitioner's claim of ineffective assistance of counsel raised during the hearings. Rather, he maintains that he is entitled to a new post-conviction hearing based upon an unconstitutional delay in the post-conviction proceedings and the inadequacy of interpreter services.

A petitioner is entitled to post-conviction relief when a conviction of sentence is "void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner bears the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f). Evidence is clear and convincing when the correctness of the conclusions drawn from the evidence admits no serious or substantial doubt. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009).

This court reviews the post-conviction court's conclusions of law, its decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness. *Whitehead v. State*, 402 S.W.3d 615, 620 (Tenn. 2013) (citing *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011); *Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011)). However, the post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them.

*Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). This court may not substitute its own inferences for those drawn by the post-conviction court, and questions concerning the credibility of witnesses, the weight and value of the evidence, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001).

The Post-Conviction Procedure Act sets forth actions that must be taken by the parties and the post-conviction court and time periods in which they must be taken. Once a petition for post-conviction relief is filed, the post-conviction court shall, upon examination of all records and documents pertinent to the case, dismiss the case or enter a preliminary order. T.C.A. § 40-30-106. In the preliminary order, the post-conviction court shall appoint counsel if the petitioner is indigent and require within thirty days the filing of an amended petition or a written notice that no amendment will be filed. T.C.A. § 40-30-107(b). The thirty-day deadline may be extended for "good cause," which is not met by "a routine statement that the press of other business prevents the filing of the appropriate pleadings within the designated time." *Id.* § 40-30-107(b)(2). The State shall file an answer within thirty days, unless extended for good cause, but the State's failure to timely respond does not entitle the petition to relief pursuant to the Post-Conviction Procedure Act. T.C.A. § 40-30-108(a). The post-conviction court shall review the case after the State files its response, and if the court does not dismiss the petition, the court shall enter an order within thirty days after the State files its response setting an evidentiary hearing. T.C.A. § 40-30-109(a). The evidentiary hearing shall be within four calendar months of the entry of the court's order. *Id.* This deadline may be extended only by order of the court based upon a finding that unforeseeable circumstances render a continuance a manifest necessity, and such extension shall not exceed sixty days. *Id.* Upon conclusion of the evidentiary hearing, the post-conviction court shall enter an order within sixty days. T.C.A. § 40-30-111(d). This deadline may be extended only by order of the court based upon a finding that unforeseeable circumstances render a continuance a manifest necessity, and such extension shall not exceed thirty days. *Id.*

The State, Petitioner's counsel, and the post-conviction court did not comply with these deadlines. In fact, the appellate record does not include any indication of an attempt to comply with these statutory deadlines. However, "nothing in the Post-Conviction Procedure Act prescribes either a remedy or a sanction for a post-conviction court's failure to comply with the time limits set out in the Act." *Paul Graham Manning v. State*, No. M2005-02876-CCA-R3-PC, 2007 WL 4116487, at *13 (Tenn. Crim. App. Nov. 13, 2007) (citing *Kelvin Wade Cloyd v. State*, No. E2003-00125-CCA-R3-PC, 2003 WL 22477866, at *17 (Tenn. Crim. App. Nov. 3, 2003); *Johnny O. Clark v. State*, No. W2001-02856-CCA-R3-PC, 2002 WL 1841630, at *10 (Tenn. Crim. App. Aug. 8, 2002)).

Petitioner maintains that the delay violated his due process rights. Due process in the post-conviction setting requires that the petitioner have "'the *opportunity* to be heard at a meaningful time and in a meaningful manner.'" *Stokes v. State*, 146 S.W.3d 56, 61 (Tenn. 2004) (quoting *House v. State*, 911 S.W.2d 705, 711 (Tenn. 1995)). Although Petitioner argued in multiple pro se pleadings, including his amended post-conviction petition, that the delay in the proceedings was unconstitutional, he, through second counsel, expressly withdrew all claims raised in all pleadings filed both pro se and through counsel other than those claims specifically addressed during the evidentiary hearings. At no time during the evidentiary hearings did Petitioner argue that the proceedings were unreasonably delayed and that this delay constituted a due process violation which resulted in prejudice.

While the olfactory perception of the multiple delays is unpleasant, Petitioner's withdrawal of the claim and the failure to litigate the claim in the post-conviction court results in waiver of the issue on appeal. *See State v. Martin E. Hughes*, No. E2006-01415-CCA-R3-PC, 2017 WL 2423162, at *5 (Tenn. Crim. App. June 5, 2017) (holding that the petitioner waived his claim that the delay in the post-conviction proceedings violated his due process rights by failing to raise the claim in the post-conviction court). We generally do not consider issues not presented to the post-conviction court and which are raised for the first time on appeal. *See Butler v. State*, 789 S.W.2d 898, 902 (Tenn. 1990); *Johnny O. Clark*, 2002 WL 1841630, at *7; *State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000), *overruled on other grounds by State v. Terry*, 118 S.W.3d 355, 359 (Tenn. 2003). The post-conviction court was not given the opportunity to make any factual findings regarding the reasons for the delay or regarding any prejudice that may have accrued to Petitioner. *See Martin E. Hughes*, 2017 WL 2423162, at *5. Accordingly, we must conclude that this issue is waived.

Petitioner asserts that "[t]he unusual circumstances of this case require the unusual remedy of remanding for a new post-conviction hearing with the assistance of a Spanish-speaking attorney." He maintains that the translation services afforded to him during the trial and post-conviction proceedings were inadequate. However, Petitioner did not raise any issues in the post-conviction court challenging the adequacy of his interpreters at either the trial proceedings or the post-conviction proceedings. He presented no evidence at the post-conviction hearing regarding the interpreters' ability to understand and communicate with him during the trial and post-conviction proceedings, and the post-conviction court did not have the opportunity to make factual findings regarding the adequacy of such services. Therefore, this issue is waived. *See, e.g. Butler*, 789 S.W.2d at 902.

To the extent that Petitioner challenges second counsel's failure to raise the issues in the post-conviction court, we note that "'there is no constitutional right to effective

assistance of counsel in post-conviction proceedings.'" *Stokes*, 146 S.W.3d at 60 (quoting *House*, 911 S.W.2d at 712). In *Stokes*, our supreme court held that due process does not entitle the petitioner to a second post-conviction petition raising additional issues based on a claim that petitioner's initial post-conviction counsel was ineffective in failing to raise the issues during the first post-conviction proceedings. *Id.* at 60-61. Likewise, in the present case, due process principles do not require a remand to allow Petitioner to raise issues that were not raised by second counsel based upon a claim that second counsel was ineffective in failing to do so. Petitioner is not entitled to relief regarding this issue.

## CONCLUSION

Upon reviewing the record, the parties' briefs, and the applicable law, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, JUDGE