IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

**DARRELL WREN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 16-05834        John Wheeler Campbell, Judge**

_____

**No. W2021-00485-CCA-R3-PC**
_____

The Petitioner, Darrell Wren, appeals the summary dismissal of his petition for post-conviction relief as time-barred. He asserts on appeal that his petition was timely filed or alternatively that due process considerations warranted the tolling of the one-year statute of limitations mandated by Tennessee Code Annotated section 40-30-102(a). He further asserts that post-conviction counsel's violation of Tennessee Supreme Court Rule 28 section 6(C) requires remand. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. TIMOTHY L. EASTER, J., filed a dissenting opinion.

William F. Walsh, IV, Memphis, Tennessee, for the Appellant, Darrell Wren.

Herbert H. Slatery III, Attorney General and Reporter; Kayleigh Butterfield, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted of second-degree murder, attempt to commit second-degree murder, and employing a firearm during the commission of a dangerous felony stemming from the Defendant's retaliation following the theft of his GMC Yukon. State v. Darrell Wren, No. W2018-02087-CCA-R3-CD, 2019 WL 4464267, at *1, *5 (Tenn. Crim. App. Sept. 13, 2019), no Tenn. R. App. P. 11 application filed. The trial court imposed a total effective sentence of forty-seven years in the Department of Correction, and this court affirmed the judgments on direct appeal but remanded the case for entry of

a corrected judgment in the firearm conviction.  Id. at *5.  This court filed its direct appeal opinion on September 13, 2019, id. at *1, and the trial court entered a corrected judgment on December 6, 2019.  The Petitioner submitted a pro se petition for post-conviction relief to the prison mailroom on November 30, 2020, which the clerk's office did not receive and file until December 8, 2020, alleging, among other things, ineffective assistance of counsel.  The Petitioner filed a pro se amended petition on February 5, 2021.  The post-conviction court appointed a public defender to represent the Petitioner on February 8, 2021, who was replaced by private counsel on March 25, 2021.

On March 30, 2021, the post-conviction court held a hearing to address the timeliness of the Petitioner's petition.  At the hearing, the post-conviction court asked if there was "anything that would justify saying the statute was tolled."  The Petitioner's counsel responded that there was not, explaining that "even considering the matter involving the sentencing being reduced back down to the appropriate statutory minimum, even with either of those dates, [the Petitioner]'s outside of the one-year limit as far as I can tell."  The post-conviction court agreed, noting that this court's opinion was filed on September 13, 2019, and the Petitioner did not even mail his petition until November 30, 2020.  The post-conviction court then dismissed the petition "for violating the statute of limitations" and entered a written order dismissing the petition the same day.  The Petitioner filed an untimely notice of appeal on May 6, 2021.

## ANALYSIS

On appeal, the Petitioner asserts that the correct date to ascertain the statute of limitations is the day that the trial court filed an amended judgment, not the date of this court's filing of the direct appeal opinion.  He alternatively argues that due process considerations warrant tolling of the statute of limitations due to "unprecedented circumstances of COVID-19[.]"  The Petitioner finally argues that post-conviction counsel's failure to comply with Tennessee Supreme Court Rule 28, section 6(C)(2), entitles him to a remand of the instant case.  The State responds that this court should dismiss the untimely appeal, or, alternatively, that the correct date to trigger the post-conviction statute of limitations was the date that this court's opinion was filed.  The State further responds that post-conviction counsel's "alleged failures did not impair the [P]etitioner's opportunity to be heard at a meaningful time and in a meaningful manner."

**I. Timeliness of Post-Conviction Petition.**  Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right.  Tenn. Code Ann. § 40-30-103.  A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the

judgment becomes final. Id. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations the trial court must summarily dismiss the petition. Id. § 40-30-106(b). In addition, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." Id. § 40-30-109(a).

Initially, we must address the untimeliness of the Petitioner's notice of appeal. Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). This court, in deciding whether to grant a waiver regarding an untimely notice of appeal, "shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing Michelle Pierre Hill, 1996 WL 63950, at *1).

The Petitioner filed a notice of appeal on May 6, 2021, thirty-seven days after the post-conviction court entered its judgment. As noted by the State, the Defendant has failed to provide an explanation for his untimely filing. However, given that the notice of appeal was untimely by only seven days, we conclude that the "interest of justice" is best served by granting a waiver in this case. See Tenn. R. App. P. 4(a); see also Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998).

Turning to the timeliness of the post-conviction petition, the Petitioner was required to file his post-conviction petition by September 13, 2020. As noted by the State, Tennessee Code Annotated section 40-30-102(a) mandates that the one-year statute of limitations begins running from "the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, one (1) year from the date on which the judgment became final[.]" Given that the Petitioner appealed his case to this court on direct appeal, the one-year time limit began running on the date that this court

completed its final action, which was filing the direct appeal, on September 13, 2019. See Darrell Wren, 2019 WL 4464267, at *1. In factual situations almost identical to the Petitioner's case, this court has repeatedly held that the "final action" of this court was the filing of our opinion on direct appeal, which triggered the one-year post-conviction statute of limitations. See Cole Woodard v. State, No. W2014-00837-CCA-R3-PC, 2015 WL 191 (Tenn. Crim. App. 2015); Jonathan Adams v. State, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654 (Tenn. Crim. App. 2013), perm. app. denied (Tenn. August 14, 2013); Barry N. Waddell v. State, No. M2001-00096-CCA-R3-PC, 2001 WL 1246393 (Tenn. Crim. App. 2001), perm. app. denied (Tenn. Apr. 8, 2002). This court's order to the trial court to enter a corrected judgment by way of its opinion is inconsequential because the trial court was not required to engage in "additional proceedings" or matters subject to further appellate review after the filing of our opinion. Based on the same reasoning applied in Woodard, Adams, and Waddell, the correct date to trigger the statute of limitations is September 13, 2019, the date this court filed the direct appeal opinion, not the day that the trial court filed the amended judgment. Even providing the Petitioner the benefit of the November 30, 2020 date, the date he submitted the petition to the prison mail room, his petition is well beyond the September 13, 2020 filing deadline. Because the Petitioner did not file the petition until December 8, 2020, more than two months after the one-year statute of limitation expired, his petition for post-conviction relief is time-barred.

While Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief, none are applicable to this case. Instead, the Petitioner relies on due process considerations to toll the statute of limitations for post-conviction relief. A post-conviction petitioner is entitled to due process tolling of the statute of limitations upon a showing "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing Whitehead, 402 S.W.3d at 631). To pursue one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Id. (quoting Whitehead, 402 S.W.3d at 631). However, due process tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Whitehead, 402 S.W.3d at 631-32). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." Id. at 16 (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)); Whitehead, 402 S.W.3d at 621.

As grounds for tolling, the Petitioner contends that the appendix attached to his post-conviction petition demonstrates that "hurdles to filing—frequent lack of prisoner movement, denial of access to legal resources or assistance, and delays in service—[we]re

extraordinary" and encourages this court to "find these circumstances warrant equitable tolling[.]" In our view, the exhibits do not demonstrate such extreme "hurdles." Appendix C consists of three memos from CoreCivic. The first memo, dated May 8, 2020, advised all inmates that they would be "placed on lockdown to conduct a COVID-19 test of the entire facility." The memo also advised that following testing but before results were returned, they would follow the "Tier Management" protocol such that the two tiers of inmates would be staggered in the times of day that they were "allowed out of the cell[.]" The second memo, dated August 24, 2020, advised that inmates should "seek extensions to their deadlines" because the "Law Aides" were "under quarantine." The memo also advised that the Law Aides would "provide inmates with the help they need to research, compose, and draft any and all legal documents" once the "lockdown [wa]s lifted[.]" The third and final memo advised inmates that beginning on August 28, 2020, they would be placed on lockdown for COVID-19 testing and again placed on the Tier Management protocol until the test results were returned. The memo went on to explain that beginning August 29, 2020, the inmates would be on "a modified movement schedule, to include recreation[.]"

Based on the record before us, we cannot conclude that the Petitioner is entitled to equitable tolling of the one-year statute of limitations. The appendix that purports to demonstrate the Petitioner's inability to file his petition timely instead shows that the Petitioner was on lockdown twice, for two days and one day, respectively, for COVID-19 testing over the course of the one-year statute of limitation. Further, the memos indicated that once all inmates were tested, lockdown was lifted, and inmates were placed on the Tier Management protocol, during which inmates were apparently able to leave their cells, just at staggered times. The second memo also indicated that the Petitioner was advised to seek extensions for his deadlines if needed due to the quarantine of the Legal Aides, though such quarantine apparently did not begin until August 24, 2020, and the petition for post-conviction relief was due to be filed by September 13, 2020. The second memo also stated the Legal Aides would "provide inmates with the help they need to research, compose, and draft any and all legal documents" once out of quarantine, indicating that the Legal Aides were available to help the Petitioner prior to their quarantine. The Petitioner was also able to research case law and draft a petition consisting of over 100 pages, including multiple appendices. Further, we note that post-conviction counsel conceded to the post-conviction court that the petition was filed outside of the one-year statute of limitations and that there was nothing that justified tolling. Under these facts, it cannot be said that "some extraordinary circumstance" prevented the Petitioner from timely filing his petition. Whitehead, 402 S.W.3d at 631. We cannot conclude that the COVID-19 pandemic, by itself, created such extraordinary circumstances. The Petitioner has failed to establish that he was prevented from timely filing his petition by the one and two-day lockdowns or the quarantine of the Legal Aides a little over two weeks before his petition was due. Even under such temporary lockdown, the Petitioner was able to access legal resources enough

- 5 -

to conduct research and draft over 100 pages for his petition.  The Petitioner is not entitled to relief.

**II. Violation of Tenn. Sup. Ct. R. 28, § 6(C).**  Finally, the Petitioner contends that post-conviction counsel's violation of Tennessee Supreme Court Rule 28 section 6(C) requires remand to the post-conviction court for an evidentiary hearing on the timeliness of the petition and the substance of the petition.

There is no constitutional right to effective assistance of counsel in a post-conviction proceeding.  Frazier v. State, 303 S.W.3d 674, 680 (Tenn. 2010); Stokes v. State, 146 S.W.3d 56, 60 (Tenn. 2004); House v. State, 911 S.W.2d 705, 712 (Tenn. 1995).  There is a statutory right to post-conviction counsel.  Tenn. Code Ann. § 40-30-107(b)(1); Frazier, 303 S.W.3d at 680.  The rationale for this statutory right "is to afford a petitioner the full and fair consideration of all possible grounds for relief." Frazier, 303 S.W.3d at 680. "This statutory right does not, however, serve as a basis for relief on a claim of ineffective assistance of counsel in a post-conviction proceeding and does not include 'the full panoply of procedural protection that the Constitution requires be given to defendants who are in a fundamentally different position—at trial and on first appeal as of right.'"  Id. (quoting House, 911 S.W.2d at 712).  "Due process in the post-conviction context requires merely that 'the defendant have the opportunity to be heard at a meaningful time and in a meaningful manner.'" Brent v. State, No. W2018-01968-CCA-R3-PC, 2020 WL 1972332, at *11 (Tenn. Crim. App. Apr. 24, 2020) (quoting Stokes, 146 S.W.3d at 61), perm. app. denied (Tenn. July 23, 2020).

Tennessee Supreme Court Rule 28 outlines the obligations and responsibilities of post-conviction counsel.  Specifically, post-conviction counsel "shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims."  Tenn. Sup. Ct. R. 28, § 6(C)(2).  In addition, post-conviction counsel must file a certificate of counsel certifying that he or she has "thoroughly investigated the possible constitutional violations alleged by petitioner . . . and any other ground that petitioner may have for relief," has "discussed other possible constitutional grounds with petitioner," has "raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law which petitioner has," is "aware that any ground not raised shall be forever barred . . . and ha[s] explained this to petitioner."  Tenn. Sup. Ct. R. 28 § 6(C)(3), app. C.  While these rules do establish a minimum standard of service to which post-conviction counsel are held, they do not provide a basis for relief from a conviction or sentence.  Frazier, 303 S.W.3d at 681; David E. Breezee v. State, No. W2015-02251-CCA-R3-PC, 2017 WL 1907738, at *7 (Tenn. Crim. App. May 9, 2017), perm. app. denied (Tenn. Sept. 22, 2017); Charles Edgar

Ledford v. State, No. E2016-00208-CCA-R3-PC, 2017 WL 837705, at *6 (Tenn. Crim. App. Mar. 3, 2017), perm. app. denied (Tenn. June 7, 2017); David Edward Niles v. State, No. M2014-00147-CCA-R3-PC, 2015 WL 3453946, at *7 (Tenn. Crim. App. June 1, 2015), perm. app. denied (Tenn. Sept. 17, 2015); Thaddeus Johnson v. State, No. W2014-00053-CCA-R3-PC, 2014 WL 7401989, at *9 (Tenn. Crim. App. Dec. 29, 2014), perm. app. denied (Tenn. May 18, 2015).

Despite the Petitioner's argument to the contrary, we cannot conclude that the "interests of justice" based on post-conviction counsel's alleged violation of Tennessee Supreme Court Rule 28 section 6(C) require us to remand the instant case to the post-conviction court for an evidentiary hearing. Initially, we note that it is unclear exactly which part of Rule 28 section 6(C) post-conviction counsel allegedly violated. The brief on appeal only asserts that despite the one-week span between appointment of the replacement post-conviction counsel and the timeliness hearing on the motion, post-conviction counsel "should have requested an evidentiary hearing to litigate the issue of statute of limitations or to request a stay of the [p]ost-[c]onviction [c]ourt's ruling to allow [post-conviction c]ounsel greater time to become familiar with the circumstances of the case."

Our supreme court has stated that "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period" because the "one-year statutory period is an element of the right to file a post-conviction petition[,]" and "it is not an affirmative defense that must be asserted by the State." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) (citing Tenn. Code Ann. § 40-30-204(e)). As such, any violation of Rule 28 did not alter the untimeliness of the petition or prevent the petition from alleging sufficient facts to warrant equitable tolling of the statute of limitations. The Petitioner also filed an amended petition for post-conviction relief before appointment of counsel that did not contain any other contentions regarding his entitlement to equitable tolling. The post-conviction court's decision to dismiss the untimely petition was based solely on the fact that it was filed outside of the statute of limitations. Therefore, nothing that post-conviction counsel could have done with regards to complying with Rule 28, which we again note is unclear exactly which parts of the obligations were violated, would have changed the fact that the petition was filed outside of the statute of limitations. Post-conviction counsel could not assert facts for the argument of equitable tolling if such facts did not exist. As noted, violations of Rule 28 do not provide a basis for relief, and nothing in the record suggests that the Petitioner was not provided "an opportunity to be heard[.]" See Stokes, 146 S.W.3d at 61. At the hearing, post-conviction counsel could have alleged facts that supported the argument for equitable tolling more so than the contents of the petition did if such facts existed. The petition and amended petition included memos from CoreCivic and constituted well over one-hundred pages. There is nothing before us to suggest that post-conviction counsel's strict adherence

to Rule 28 section 6(C) would have changed the post-conviction court's opinion that the petition should have been summarily dismissed for being filed outside the statute of limitations. The Petitioner is not entitled to relief.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, JUDGE